[No. 11374.  In Bank. — January 14, 1887.]

## J. S. LOVELAND, APPELLANT, v. W. B. GARNER ET AL., RESPONDENTS.

PRACTICE — DEMURRER TO COMPLAINT — AMENDED COMPLAINT — WAIVER — Error in sustaining a demurrer to a complaint on the ground of the misjoinder of several causes of action is waived, if the plaintiff subsequently files an amended complaint, in which he unites and pleads anew in one count all the causes of action which had been pleaded in the original complaint.

MINING CORPORATION — POSTING OF MONTHLY BALANCE SHEET — LIABILITY OF DIRECTORS FOR FAILURE TO POST — ACT OF 1880. — The act of 1880, requiring the directors of a mining corporation, on the first Monday of each and every month, to post in the office of the company a verified balance sheet for the previous month, and providing that upon their failure so to do they shall be liable in an action by any stockholder in the penal sum of one thousand dollars, does not render the directors liable to that penalty for each failure to comply with its requirements.

ID. — PLEADING — ACTION BY STOCKHOLDER FOR PENALTY — SEVERAL CAUSES OF ACTION. — In such an action by a stockholder, a complaint which alleges in one count more than one failure on the part of the directors to make the required posting, and seeks to recover a penalty of one thousand dollars for each failure, does not join several distinct causes of action.

APPEAL from a judgment of the Superior Court of San Bernardino County.

The facts are stated in the opinion.

*Hargrave & Gray*, for Appellant.

*Byron Waters*, and *Harris & Allen*, for Respondents.

FOOTE, C. — The plaintiff brought his action to recover from the defendants seven thousand dollars as liquidated demands for their seven distinct failures to comply with the provisions of a certain act of the California legislature, in reference to the carrying on and conducting the business of mining. The act referred to is to be found in Statutes of 1880, page 134.

The complaint first filed in the action contained seven distinct counts upon as many alleged causes of action,

each claiming the right to recover of the defendants a penalty of one thousand dollars for their separate failures on the first Mondays of seven different months "to have the reports and accounts current made and posted," as in the first section of the act provided.

The defendants demurred to that complaint, on the ground that it did not state facts sufficient to constitute a cause of action, and because the causes of action as set out were improperly united with each other. The demurrer was sustained.

The plaintiff then filed an amended complaint, in which was charged in one count seven distinct failures on the part of the defendants, on the first Mondays of as many different months, "to have the reports and accounts current made and posted," as required by the statute heretofore mentioned. And demand was made for the recovery of a penalty of one thousand dollars for each failure on the part of the defendants to comply with their alleged obligations under that statute.

That pleading also was demurred to, on the ground that it did not state facts sufficient to constitute a cause of action; and that several causes of action were improperly united, and the court sustained the demurrer.

The plaintiff declining to amend his pleading, judgment for costs was rendered for the defendants, and from that this appeal was taken.

The ruling sustaining the first demurrer cannot now be attacked, for the reason that afterward the plaintiff filed an amended complaint, in which he united and pleaded anew in one count all the causes of action which he had in his first complaint pleaded in separate counts, and thus waived his right to object to such action of the court. (*Hagely* v. *Hagely*, 68 Cal. 348.)

The further contention of the defendants is, that upon a fair construction of the statute upon which the action was predicated, it will be found to contain no warrant for a recovery of more than one penalty of one thousand

dollars, even if they should have neglected for any number of months to comply with its requirements; and that the amended complaint is demurrable because it states, joined together, several instances of their violation of that statute, and demands judgment for one thousand dollars for each violation.

So much of that act as is necessary to be considered for the purposes of this controversy reads as follows: —

"Sec. 1. It shall be the duty of the directors, on the first Monday of each and every month, to cause to be made an itemized account, or balance sheet, for the previous month. . . . . Such account, or balance sheet, shall be verified under oath by the president and secretary, and posted in some conspicuous place in the office of the company. . . . .

"Sec. 3. In case of the failure of the directors to have the reports and accounts current made and posted as in the first section of this act provided, they shall be liable, either severally or jointly, to an action by any stockholder in any court of competent jurisdiction, complaining thereof, and on proof of such refusal or failure, such complaining stockholder shall recover judgment for one thousand dollars liquidated damages, with costs of suit."

It will be perceived that this act is in its nature penal, and does not specifically declare that for *each* failure to comply with its requirements a penalty may be recovered. Nor does it declare that each refusal or neglect of that kind shall render the directors liable for a penalty.

It would therefore seem that under its provisions the stockholder or stockholders might, at their election, either proceed against the directors for a single delinquency, or might forbear to do so until more than one dereliction of duty on the part of their trustees (so to speak) had occurred; but in neither event could more than one penalty be recovered. But while this is the reasonable and unstrained view to be taken of the law

relative to the extent of the liability of the directors, it does not follow that the amended complaint did not contain a sufficient statement of facts to constitute a cause of action, or that the demurrer should have been sustained on the alleged ground that several causes of action were in that pleading improperly joined.

The joining of several matters of fact together, which show as many failures to perform a duty enjoined by law, and claiming the legal right (which is but a conclusion of law) to recover a penalty for each, when the law itself only allows the recovery of one penalty for one and all of such violations, is not a joining of several distinct causes of action.

The plaintiff is entitled to recover, if he has alleged and can prove the defendants to have been guilty of failure on the first Monday of any one month "to have the reports and accounts current made and posted, as in the first section of this act provided," or if they have so failed on the first Monday of any other or all other months, and hence the statement of seven violations of the statute of the same kind, although he may join them together in his complaint, and claim to recover a penalty for each, is, under the statute, a statement of but one cause of action.

In other words, as the statute in terms provides for but a single penalty of one thousand dollars, no other or greater sum can be recovered, although violations of the statute may have been frequent.

But it does not follow from this that the plaintiff may not join together in one count several of such alleged violations, and prove any one of them in his power, as they constitute separately or together but one cause of action.

We are therefore of opinion that the judgment should be reversed, and the cause remanded, the defendants to be allowed, if so advised, to answer the amended complaint.

BELCHER, C. C., and SEARLS, C., concurred.

The COURT. — For the reasons given in the foregoing opinion, the judgment is reversed, and cause remanded, with leave to defendants to answer the amended complaint.