72  305
89   55
72  305
92  504

[No. 11941.   Department One.— May 20, 1887.]

ANNA BEAL, RESPONDENT, v. J. B. OSBORNE. ET AL., APPELLANTS.

MINING CORPORATION — FAILURE OF DIRECTORS TO POST REPORT — ACTION TO RECOVER FOR — FINDING — EVIDENCE. — In an action by a stockholder against the directors of a mining company to recover damages for their failure to post certain reports and current accounts, as required by the act of 1880, a finding that during the month alleged the corporation was engaged in working their mine, and thereby received and disbursed moneys and incurred liabilities, *held*, supported by the evidence.

APPEAL from a judgment of the Superior Court of San Bernardino County, and from an order refusing a new trial.

The facts are stated in the opinion.

*Harris & Allen*, and *Byron Waters*, for Appellants.

*Hargrave & Gray*, for Respondent.

BELCHER, C. C.—This action is brought by a complaining stockholder in a mining corporation, known as the Alvord Consolidated Mining Company, against the directors of the corporation, to recover the sum of one thousand dollars, as liquidated damages for the failure of the directors to have certain reports and accounts current made and posted, as required by an act of the legislature of this state. (Stats. 1880, p. 134.). The case was tried, and judgment rendered in favor of the plaintiff. The defendants moved for a new trial, and now appeal from the judgment and order denying their motion.

The principal point made for the appellants is, that the finding "that during the month of August, 1885, said corporation worked its said mines, and was engaged in carrying on and conducting the business of mining, and therein and thereabout received and disbursed money and incurred liabilities," is not justified by the evidence.

It was clearly proved that the defendants were the directors of the corporation, and that at a meeting held by them in June, 1885, the defendant Osborne was elected as superintendent. He was at that time also the largest stockholder in the corporation, holding more than one half of all its capital stock. During the month of August, 1885, work was carried on at the mine and mill under the superintendence of Osborne, and money was received and disbursed and liabilities incurred.

It is claimed for the appellants that the work was done, the money received and disbursed, and the liabilities incurred by Osborne on his own account; that under a sheriff's sale he had acquired some title to the property, which he was asserting against the company until a settlement for moneys which he had advanced and paid out for the company should be made, and that in the mean time he was putting up his own money and doing the whole business in his own name and for himself.

All record evidence showing that Osborne had acquired any rights to the property as against the company is omitted from the transcript, and we cannot say what its effect would be if presented. We must conclude, therefore, in support of the judgment, that he had acquired no valid rights.

The case, then, is this: Osborne was a stockholder and director of the corporation, and was elected superintendent of its works. When elected superintendent, he told the other directors that he would not serve as such, but nevertheless did serve, and during the whole month of August superintended and managed the business of tak-

ing out ores from the company's mine, and working them in its mill.

These facts were sufficient to justify the finding objected to; and looking at the whole record, we fail to find anything which can be held to excuse the defendants for their failure to have reports and accounts current made and posted, as required by the statute.

The other points do not require special notice. There are two of them only, and they relate to alleged errors of the court in overruling objections to questions propounded to plaintiff's witnesses. We see no error in the rulings, but assuming that they were improper, no harm was done to the defendants, as the answers to the questions were immaterial.

It follows that the judgment and order should be affirmed.

FOOTE, C., and HAYNE, C., concurred.

THE COURT.—For the reasons given in the foregoing opinion, the judgment and order are affirmed.