[No. 12380.   Department Two. — November 20, 1889.]

W. T. Y. SCHENCK, RESPONDENT, v. JULIUS BAND-
MANN ET AL., APPELLANTS.

MINING CORPORATION — MANDATORY STATUTE — DUTY OF DIRECTORS —
POSTING VERIFIED ACCOUNT — PRESUMPTION — LIQUIDATED DAMAGES.
— The requirement of the statute is clear and mandatory as to time that
an account or balance-sheet must be made and posted by the directors
of a mining corporation, — on the first Monday of each month, without
exception.   They must be presumed to know at all times the condition
of the business and property under their control; and in the absence of
a showing of impossibility to have made and posted the account as re-
quired, they cannot avail themselves of any presumption that their duty
has been performed.   Nor can they relieve themselves from liability to
a stockholder for liquidated damages under the statute, by showing that
the account was posted after the time required by law, and the day
before the commencement of the action.

APPEAL from a judgment of the Superior Court of the
city and county of San Francisco.

The facts are stated in the opinion of the court.

J. F. Cowdery, for Appellants.

E. F. Swortfiguer, for Respondent.

BELCHER, C. C. — The plaintiff commenced this ac-
tion to recover judgment against the defendants for one
thousand dollars liquidated damages, with costs of suit,
under the provisions of an act of the legislature of this
state, approved April 23, 1880 (Stats. 1880, p. 134).
The case was submitted in the court below upon an
agreed statement of facts, and judgment was given for
plaintiff as prayed for in his complaint.   The appeal is
from the judgment, and rests on the judgment roll.

The facts of the case, as they were agreed to and found
by the court, are as follows:   In September, 1880, the
Pittsburg Gold Mining Company was a corporation,
organized under the laws of this state, for the purpose
of mining, and having its office and principal place of

business at the city and county of San Francisco. The capital stock was ten million dollars, divided into one hundred thousand shares, and of this stock, during the said month of September, and until long after the commencement of this action, the plaintiff was the owner and holder of 230 shares.

On the eighteenth day of September, 1880, the defendants were duly elected directors of the said corporation, and from thence until the time of the commencement of this action, and for a long time thereafter, were and remained the duly elected, qualified, and acting directors thereof. The corporation also had a president and secretary, who were duly elected, qualified, and acting as such.

During the month of October, 1880, work was being prosecuted in the mine held and owned by the corporation, and ore was being extracted and taken from the mine, and sent to mill for reduction, and bullion was obtained therefrom. The corporation also received and disbursed during the month considerable sums of money, and incurred indebtedness and liabilities which were existing on the first Monday of November following.

The defendants, as such directors, did not make or post, or cause to be made or posted, on the first Monday of November, 1880, or at any time prior to the nineteenth day of that month, the itemized account or balance-sheet, or any account or balance-sheet whatever, for the previous month of October, as required by the act of the legislature above referred to.

The defendants, as such directors of the corporation, and the president and secretary thereof, did not, nor did either or any of them, obtain the information necessary to the making of the itemized account or balance-sheet for the month of October, 1880, required by the said act, prior to the fifteenth day of November, 1880; but on the nineteenth day of that month, and the day before the commencement of this action, an itemized account

or balance-sheet for the previous month of October, in substance and form as required by the statute, was made, verified, and posted in a conspicuous place in the office of the corporation, by the president and secretary thereof.

It is contended for appellants that the conclusion of law drawn by the court from the foregoing facts, that plaintiff was entitled to judgment, was not warranted, and that the judgment should therefore be reversed. The argument is, that while it does not appear why the defendants failed on the first Monday in November to have the information necessary to enable them to comply with the law, still all presumptions must be indulged in their favor. The presumptions invoked are declared in subdivisions 1, 15, 20, 28, and 33 of section 1963 of the Code of Civil Procedure, and are: That a person is innocent of crime or wrong; that official duty has been regularly performed; that the ordinary course of business has been followed; that things have happened according to the ordinary course of nature and the ordinary habits of life; that the law has been obeyed.

It is said the law never exacts impossibilities, and it being admitted that defendants did not have the necessary information before the 15th of November, the burden was cast upon the plaintiff to show negligence on their part.

On the other hand, it is contended for respondent that the statute is arbitrary in its requirements; that if defendants had any cause or excuse for their failure to obtain the necessary information, other than their own negligence, the burden was upon them to show it; and that in the absence of such showing they were rightly held to have incurred the penalty imposed by the statute, and must bear the consequences.

The act of the legislature under which the respondent asserts his right to recover applies only to corporations formed under the laws of this state for the purpose of

mining, and the portions of it necessary to be considered are found in sections 1 and 3, and are as follows:—

SEC. 1. "It shall be the duty of the directors, on the first Monday of each and every month, to cause to be made an itemized account or balance-sheet for the previous month, embracing a full and complete statement of all disbursements and receipts, showing from what sources such receipts were derived, and for what and to whom such disbursements or payments were made, and for what object or purpose the same were made; also, all indebtedness or liabilities incurred or existing at the time, and for what the same were incurred, and the balance of money, if any, on hand. Such account or balance-sheet shall be verified under oath by the president and secretary, and posted in some conspicuous place in the office of the company."

SEC. 3. "In case of the failure of the directors to have the reports and accounts current made and posted as in the first section of this act provided, they shall be liable, either severally or jointly, to an action by any stockholder in any court of competent jurisdiction complaining thereof, and on proof of such refusal or failure, such complaining stockholder shall recover judgment for one thousand dollars liquidated damages, with costs of suit."

The requirement of the statute is clear that the account or balance-sheet must be made and posted on the first Monday of the month. No exceptions are provided for. The appellants failed to comply with this requirement. This is alleged and admitted. The corporate powers, business, and property of the corporation were exercised, conducted, and controlled by the appellants. (Civ. Code, sec. 305.) They knew, or ought to have known, at all times the condition of the business and property under their control. And what they ought to have known they must be presumed to have known, unless they were negligent in the discharge of their duties. Nothing was required to be set out in the ac-

count except what as directors they were expected to know. The admission, therefore, unexplained, that they lacked the information necessary to enable them to make and post the account in time, seems to present simply a case of neglect or disregard of duty.

It may be that, under possible circumstances, the directors of a corporation, when they have failed to comply strictly with the law, should be held excused. For example, the president or secretary, or both of them, might be taken sick, or die, rendering it impossible for the account to be made, verified, and posted in time. But if so, the facts must be within the knowledge of the directors who are sued, and should be set forth and proved.

Under the circumstances shown in this case, we fail to see how the presumptions invoked by appellants can be held applicable to the case. They were not charged with a criminal wrong, but with neglect to perform a duty enjoined by statute. And it is evident that their official duty in this respect was not regularly performed, and that the law was not obeyed.

It is further claimed for appellants that they ought not to be made to pay the penalty imposed upon them, because the account required was in fact made and posted the day before the action was commenced. But we find nothing in the statute, or in the supposed reason for its passage, to warrant such a defense. The statute seems to be as mandatory in regard to time as it is in other respects, and the first Monday of the month, and not the commencement of the action, is the time after which the penalty attaches. If the theory of appellants is right, then, though the directors of a corporation should delay making out and posting the account for six months or a year, they could still escape the consequences of their negligence, if they should succeed in getting in ahead of the complaining stockholder by a day, or even an hour. We do not think this theory can be maintained.

In *Loveland* v. *Garner*, 71 Cal. 544, the court, speaking of the same statute, said: "The plaintiff is entitled to recover, if he has alleged and can prove the defendants to have been guilty of failure on the first Monday of any one month 'to have the reports and accounts current made and posted, as in the first section of this act provided.'"

The cases cited for appellants do not meet the case.

We find nothing in the record to justify a reversal of the judgment, and therefore advise that it be affirmed.

HAYNE, C., and VANCLIEF, C., concurred.

The COURT.—For the reasons given in the foregoing opinion, the judgment is affirmed.

Hearing in Bank denied.