[No. 13655.  In Bank. — May 7, 1891.]

W. S. CHAPMAN ET AL., RESPONDENTS, v. PHILIP DORAY, APPELLANT.

MINING CORPORATIONS — LIABILITY OF DIRECTORS — PENALTY — PLEADING — INSUFFICIENT DEFENSE. — In an action brought under the act of April 23, 1880 (Stats. 1880, p. 134), to recover the penalty prescribed for a failure of the directors of a mining corporation to post monthly reports in the office of the company, where the complaint alleges that the company had an office for the transaction of its business at a specified place, a denial in the answer that it had an office for the transaction of its business at the place alleged, or at any other place, raises no material issue.

ID. — OFFICE OF CORPORATION — POSTING REPORTS — NEGLECT OF DIRECTORS. — It is the duty of every corporation to have an office and a principal place of business, and the directors of a mining corporation cannot evade liability for failure to post monthly reports at the office of the company by failure to have an office for the transaction of its business.

APPEAL from a judgment of the Superior Court of Sierra County.

The facts are stated in the opinion.

*Gray & Sexton, H. V. Rearden,* and *F. R. Wehe,* for Appellant.

*Smith & Ford,* and *T. M. Osmont,* for Respondents.

BELCHER, C. — This action was brought to recover the sum of one thousand dollars liquidated damages, and costs of suit, under the provisions of an act of the legislature of this state approved April 23, 1880. (Stats. 1880, p. 134.)

The complaint alleges that during the year 1889 the Pacific Gold Mining Company was a corporation organized under the laws of this state for the purpose of carrying on and conducting the business of mining; that the corporation owned valuable mining claims in the county of Sierra, and had its office for the transaction of business in the town of Howland Flat, in that county; that the plaintiffs and defendant were stockholders of the corporation, and the defendant was one of its board

of directors and its president and acting superintendent; that during the months of January, February, March, April, May, June, and July, 1889, the corporation was engaged in working its mines, and during each of said months it employed numbers of men therein, and incurred liabilities, and received and disbursed divers sums of money; that it became and was the duty of the defendant and his co-directors to make and have posted in the office of the company, on the first Monday of each of said months, certain reports and accounts current for the previous month, as required by the act of the legislature before referred to, but that, disregarding their duties and obligations in this regard, they failed, refused, and neglected to make or cause to be made, or posted or filed, the reports and accounts required, or any of them. Wherefore judgment was asked for the penalty imposed by the statute.

By his answer the defendant denied that the Pacific Gold Mining Company " had an office for the transaction of its business in the town of Howland Flat," or at any other place. He further denied that it was the duty of the directors of the corporation to cause to be made and posted the reports and accounts current named and referred to in the complaint; denied that any duty or obligation was imposed upon the directors of mining corporations by the act of April 23, 1880, to have made and posted reports and accounts current, as alleged in the complaint, or any penalty for a failure to do so; denied that by reason of the facts alleged the plaintiffs had been damaged in the sum of one thousand dollars, or in any sum, or at all.

On motion of the plaintiffs, the court gave judgment in their favor on the pleadings, and from that judgment the defendant appeals.

The principal contention of the appellant is, that the court erred in granting judgment on the pleadings, because the denial in the answer, that the corporation

had an office for the transaction of its business in the town of Howland Flat, or at any other place, raised a material issue.

We do not think this contention can be sustained. The law contemplates that every corporation shall have an office. The Civil Code provides that when a corporation is formed, its articles of incorporation must set forth the place where its principal business is to be transacted (sec. 290); and it may afterwards change its principal place of business from one place to another in the same county, or from one city or county to another city or county within the state, notice of such change being given by publication in a newspaper for three successive weeks. (Sec. 321 a.) It also provides that the by-laws of a corporation shall be kept in its office, and be open to the inspection of the public during office hours of each day except holidays. (Sec. 304.) And the statute under which the plaintiffs seek to recover provides that " such account or balance-sheet shall be verified under oath by the president and secretary, and posted in some conspicuous place in the office of the company."

Now, if the appellant's contention should be sustained, it would be possible for the directors of every mining corporation to avoid the duties and penalties imposed upon them by the act. They could close up their offices, and then say, We have no office where the reports and accounts current can be posted, and therefore are under no obligation to obey the commands of the statute. Or they could discharge their secretary, and then claim the same immunity because there was no secretary who, in conjunction with the president, could verify the accounts and balance-sheets and fit them to be posted, and therefore they need not be posted. But this would be simply an evasion of the mandates of the law.

In *Schenck* v. *Bandmann*, 81 Cal. 231, the action was brought under the same statute to recover the declared penalty. The defendants sought to excuse themselves

on the ground that they did not obtain the information necessary to enable them to make out the itemized account or balance-sheet for the month of October, till the fifteenth day of November, and therefore they could not be held liable for not doing it on the first Monday of the month. The attempted excuse was held insufficient, and the judgment was affirmed.

We think the defendant and his co-directors here had, or ought to have had, an office for the transaction of the business of the corporation, and the denial was therefore insufficient to raise a material issue.

The other points discussed by counsel do not require any extended consideration. The statute complained of has been considered and upheld in the following cases: *Loveland* v. *Garner*, 71 Cal. 541; *Beal* v. *Osborne*, 72 Cal. 305; *Schenck* v. *Bandmann*, 81 Cal. 231.

We advise that the judgment be affirmed.

FOOTE, C., concurred.

The COURT. — For the reasons given in the foregoing opinion, the judgment is affirmed.

Rehearing denied.