[No. 13656.    In Bank. — May 7, 1891 ]

MARK SCHOFIELD, Respondent, v. PHILIP DORAY, Appellant.

Mining Corporations — Duty of Directors — Office of Corporation — Posting Reports — Penalty — Insufficient Defense. — *Chapman* v. *Doray, ante,* p. 52, followed and affirmed.

Id. — Second Action for Penalty — Former Recovery — Amendment of Answer. — Each failure of the directors to post the monthly reports is a delinquency for which an action may be maintained as it occurs, and the recovery of judgment for one failure cannot be pleaded as a bar to a second action for a subsequent failure; and it is not error to refuse to allow the answer in the second action to be amended so as to plead a recovery in the first action for a previous delinquency.

ID. — FAILURE TO SUE FOR PREVIOUS DELINQUENCY — SINGLE PENALTY. —
If the stockholders of a mining corporation forbear to sue till after sev-
eral failures of the directors to post the monthly reports have occurred,
only one penalty can be recovered up to the time such forbearance ceases
and the suit is brought.

APPEAL from a judgment of the Superior Court of
Sierra County.

The facts are stated in the opinion.

*H. V. Rearden, Gray & Sexton,* and *F. R. Wehe,* for
Appellant.

*T. M. Osmont,* and *Smith & Ford,* for Respondent.

BELCHER, C. — This case is similar in character to
that of *Chapman* v. *Doray, ante,* p. 52, just decided. The
pleadings are the same, except that the penalty sought
to be recovered here was for the failure to make and
post, on the first Monday of August, 1889, the reports
and accounts current for the previous month, while the
failures alleged in *Chapman* v. *Doray, ante,* p. 52, were
for the months of January to July, inclusive, for the
same year. Judgment in both cases was rendered on
the same day, and the proceedings up to judgment were
similar. In this case, after judgment had been rendered
in *Chapman* v. *Doray, ante,* p. 52, and before judgment
herein, the defendant asked leave of the court to file an
amended answer, to enable him to plead the recovery and
judgment in the other case as a bar to a recovery here.
The court denied the motion, and the defendant excepted.
Judgment was then entered, from which the defendant
appeals on a bill of exceptions.

The same points are made here for a reversal of the
judgment as were made in *Chapman* v. *Doray, ante,* p.
52; and on the authority of the decision in that case
they must be overruled.

It is further urged that the court erred in denying the
defendant's application to amend his answer. We see

no error in this ruling. The proposed answer would have presented no defense. Each failure is a delinquency for which an action may be maintained. It is true than when the stockholders forbear to sue till after several failures have occurred, only one penalty can be recovered up to the time such forbearance ceases and the suit is brought. (*Loveland* v. *Garner*, 71 Cal. 541.) But an action may be maintained for such delinquency as it occurs.

We advise that the judgment be affirmed.

FOOTE, C., and VANCLIEF, C., concurred.

The COURT. — For the reasons given in the foregoing opinion, the judgment is affirmed.

Rehearing denied.