[No. 15971.     Department One.—January 21, 1896.]

EDWIN SLATER SHANKLIN, RESPONDENT, v. H. W. GRAY ET AL., APPELLANTS.

MINING CORPORATIONS—MONTHLY STATEMENTS—LIABILITY OF DIRECTORS. Under the act of March 23, 1880, the directors of a mining company formed under the laws of this state, who, in good faith, on the first Monday in the month, make and post in the office of the company, a verified itemized account or balance sheet in attempted compliance with the requirements of the statute in that regard, are not liable for the penalty imposed by that act merely because the account covers a longer period than the preceding month.

ID.—STATEMENTS OF SUPERINTENDENT—VERIFICATION—PENALTY.—Under section 1 of that act, the monthly accounts and weekly statements required to be filed by the superintendent must be verified by him; if unverified the directors are not relieved from the penalty imposed by the act, either by the fact that the accounts and statements were in fact true, or because it would have been a great inconvenience for the superintendent to go a long distance to an officer competent to administer

oaths, or because they had been advised by counsel that a verification was unnecessary.

ID.—CONSTRUCTION OF STATUTE—DAMAGES.—Such statute is intended for the benefit of stockholders in mining corporations, and its violation necessarily implies an injury; and in an action by a stockholder under the statute, no actual damage need be shown.

ID.—PENDENCY OF PRIOR ACTION—PAST DELINQUENCY.—Under such statute, neither the recovery of judgment nor the pendency of an action for a past delinquency is a bar to a subsequent action for a delinquency occurring after the commencement of the prior action.

APPEAL from an order of the Superior Court of the City and County of San Francisco granting a new trial. EUGENE R. GARBER, Judge.

The facts are stated in the opinion.

C. W. Cross, and James A. Hall, for Appellants.

Gear & Gear, for Respondent.

HAYNES, C.—This action was brought to recover the sum of one thousand dollars liquidated damages, and costs of suit, under the provisions of an act of the legislature of this state, approved April 23, 1880 (Stats. 1880, p. 134, Civ. Code, Deering's ed., 148, 149), requiring the directors of mining corporations formed under the laws of this state to make and cause to be made and posted in the office of the company, certain statements and reports.

The defendants were directors of the Gray Eagle Mining Company, a corporation, at the time the alleged cause of action arose, and the plaintiff was and is a stockholder in said corporation.

The complaint alleges a failure of the directors to make and post in the office of the corporation on the first Monday of November, 1892, a balance sheet, or itemized account, of the receipts and disbursements for the month of October, with other matters required by the statute, and also charging that they had failed and neglected to have or require the superintendent of the company to file with the secretary thereof an itemized account, verified under oath, showing all the receipts and disbursements made by him for the previous month, and that the superintendent had not made any such account verified under oath.

The action was tried by the court without a jury, findings were filed and judgment thereon entered for the defendants. Upon plaintiff's motion an order was made granting a new trial, and from that order defendants appeal.

The court found that the directors made the itemized account or balance sheet required by the first section of said act for the month of October, that it was duly verified, and that it was made at the time and posted in the office, as required by said act.

As to the account and reports of the superintendent, the court found they were made, and filed in the company's office, and were kept in a conspicuous place as required by law, but that they were not verified by the superintendent, nor by anyone; that they were full, true, and correct; that the company's mine was in a remote part of the country many miles from any officer competent to administer an oath, that the duties of the superintendent require his presence at the mine, and for those reasons said reports were not verified; that the defendants acted in good faith; that the plaintiff and all stockholders had access to all the itemized accounts and reports and the books and papers of the corporation, and had the means of knowledge of every fact pertaining to its receipts and disbursements, and its indebtedness and liabilities, as fully as could be known from any data in the possession or control of the corporation, and that neither the plaintiff nor any stockholder had been injured in any respect.

It was contended by the plaintiff that the account made, verified, and posted by the president and secretary was on its face a balance sheet for the period of forty days, namely, from September 21 to October 31, 1892, and therefore did not comply with the law, and especially, as he contended, that it was impossible to tell therefrom what balance was on hand on October 1st, or what disbursements were made in either of those months.

The good faith of the defendants in making this report was not impugned, and, as it appears upon its face to have been intended as a compliance with the

requirements of the statute in that regard, the defect, if it be such, would not justify the visitation of the statutory penalty upon them. The special grounds of objection to it therefore need not be further considered.

It was admitted in the answer that the statement of receipts and disbursements by the superintendent, and other reports made by him, were not sworn to by that officer, and the facts found by the court, as hereinbefore stated, were alleged in justification of his failure to make the required verification. If these facts were not sufficient to excuse the failure to verify said statements and reports, the findings were not sufficient to sustain the judgment in favor of the defendants, and the order granting plaintiff's motion for a new trial was right.

The act in question is entitled, "An act for the better protection of stockholders in corporations formed under the laws of the state of California for the purpose of carrying on and conducting the business of mining." Section 1, so far as it relates to the superintendent's reports in question here, is as follows: "It shall be the duty of the superintendent, on the first Monday of each month, to file with the secretary an itemized account, verified under oath, showing all receipts and disbursements made by him for the previous month, and for what said disbursements were made. It shall also be the duty of the superintendent to file with the secretary a weekly statement, under oath, showing the number of men employed under him and for what purpose, and the rate of wages paid to each one. . . . . All accounts, reports, and correspondence from the superintendent shall be kept in some conspicuous place in the office of said company, and be open to the inspection of all stockholders." Reports of the discovery of ore were required to be made as they occurred.

Section 3 of said act, among other things, provides: "In case of the failure of the directors to have the reports and accounts current made and posted as in the first section of this act provided, they shall be liable, either severally or jointly, to an action by any stockholder, in any court of competent jurisdiction, complaining thereof,

and on proof of such refusal or failure such complaining stockholder shall recover judgment for one thousand dollars, liquidated damages, with costs of suit."

The only question is whether the facts alleged (and found to be true) were sufficient to excuse the failure of the superintendent to verify his reports, it appearing that the directors had informally instructed him that it was not essential, or at least they had not *required* him to make his reports under oath, and had received his previous reports without such verification, and without objection.

It is doubtless true, and I assume that it is so, that the directors failed to make the positive requirement that the superintendent should verify all his reports, and had accepted them without such verification without any evil purpose, and because of the inconvenience it would impose upon the superintendent of going " many miles" to an officer competent to administer oaths, and because such absence interfered with the discharge of his duties at the mines.   It was also shown upon the trial that the reports in question were in fact true, and hence furnished all the information as to the several matters contained in them required by the statute.

It is contended, in effect, that as the statute is penal, it must be strictly construed, and, inasmuch as the reports were made, and were, in fact, true, the penalty should not be inflicted upon the defendants.

The statute, however, is remedial as well as penal (*Eyre* v. *Harmon*, 92 Cal. 580), and "where the intent is plain it will be carried into effect.   It will not be evaded or defeated on the principle of strict construction.   The principle will be adhered to—that the case must be brought within the letter and spirit of the enactment, but the intent of a criminal statute may be ascertained from a consideration of all its provisions, and that intent will be carried into effect.   Such statutes will not be construed so strictly as to defeat the obvious intention." (Sutherland on Statutory Construction, sec. 356, p. 439, and cases cited in note 1.)   In *Eyre* v. *Harmon, supra*, in discussing the construction of this statute, it was said: " But it is a general rule, applicable to the construction

of penal as well as other statutes, that no word is to be eliminated from a section by the court if a sensible meaning can be given to it, unless, by giving such word its meaning, the real object of the statute would be defeated. With much greater reason is the court required to give effect to each word in a sentence when not to do so is to deprive the law of the vitality necessary to secure respect for its commands." Appellants' contention would eliminate from the statute the word "verified," as used in defining or qualifying the reports required to be made by the superintendent, unless the circumstances under which these reports were made were sufficient to justify the omission. If the legislature had no beneficial or remedial purpose in requiring them to be verified, little would be required to excuse the omission, and courts would be slow to visit a severe penalty upon an omission to comply with an unessential requirement. At the time of the enactment of this statute it was matter of common report, if not of common knowledge, that concealments and false reports were resorted to, to affect the value of mining stocks upon the market, and it was also not unfrequently charged that superintendents, for the purposes of private gain, made false reports of their receipts and expenditures, carried " dummies" on their pay-rolls, obtained rebates or commissions upon supplies purchased for the corporation, and in other ways misappropriated the funds of the corporation; and it was for the purpose of compelling such reports to be made as would inform the stockholders of the financial condition of the corporation, and its management, the development of its property, the discoveries made in its mines, and generally of all matters which would enable them to estimate the value of their stock, and to prevent false reports and give assurance of reliability, these reports were all required to be verified by the oath of the superintendent; and, if this requirement may be voluntarily omitted, it is obvious that the whole purpose of the act might be defeated at the will of the directors.

But it is urged that the directors acted in good faith

and did not willfully or intentionally violate the law. If by this is meant that the omission to require the superintendent to verify his reports was not because they intended in any manner to withhold information from the stockholders, or injure them in any way, it is doubtless true. An evil intention is not essential to such violation of the statute as requires a visitation of the penalty. The statute imposes upon the directors the duty of requiring the superintendent to make his reports under oath, and an omission of that duty is necessarily willful and intentional, at least where it is shown that they considered the matter and concluded that it was not necessary. The mere inconvenience imposed upon the superintendent of going five miles to verify his reports is not a sufficient excuse to justify the omission, and his ordinary duties at the mine could not excuse the performance of the duty imposed by the statute. His absence could be provided for by the temporary supervision of a foreman, or other person designated by himself or by the board.

It is also urged that the advice of counsel, that verification of these reports was not necessary, should relieve the defendants. The advice so given was by a member of the board; and it may be doubted whether the opinion so expressed was not the opinion of a director merely, instead of the opinion of an attorney who had no personal interest, and whose duty and obligation was to carefully examine the question submitted to him and advise according to his unbiased judgment. It is not necessary, however, to decide that question. If the statute were ambiguous, and its construction doubtful, the defendants would be entitled to the benefit of the doubt without the plea that they acted upon the construction given it by counsel. In *Chase* v. *New York Cent. R. R.*, 26 N. Y. 523, 525, a statute imposing a penalty for charging more than a certain rate per mile for carrying passengers was considered. The court said: "The great leading rule for the construction of statutes is to ascertain fairly the intention of the legislature in enacting the statute. In statutes giving a penalty, if there be a

reasonable doubt of the case, made upon the trial or in the pleadings, coming within the statute, the party of whom the penalty is claimed is to have the benefit of such doubt"; or, as said by Sutherland in his work on Statutory Construction, page 444: "If there is such ambiguity in a penal statute as to leave reasonable doubts of its meaning, it is the duty of the court not to inflict the penalty." None of the cases we have found go further. The intention of the legislature is to be collected from the words they employ, and where there is no ambiguity in the words there is no room for construction. Here there is no ambiguity, no room to doubt that the statute requires these reports to be verified, and in such case an opinion of counsel to the contrary cannot relieve from the penalty. If the motives of the defendants in not requiring these reports to be verified were a material issue in the case, the advice of counsel might tend to show the absence of an evil intention; but such advice cannot raise a doubt as to the construction of the statute here involved.

It is also urged that the recovery is not as a fine, or penalty, or forfeiture, but as liquidated damages, and that therefore some detriment or damage should be shown. As this statute is intended for the benefit of stockholders, its violation necessarily implies an injury.

Prior to the time when this cause of action accrued the plaintiff commenced an action under the statute here in question against W. E. Lamb, A. Searles, and Martin Devereux, who were directors of said corporation prior to September 21, 1892, at which last-named date they ceased to be directors, and were succeeded by the defendants in this case. That action was commenced October 27, 1892, alleging the failure of the defendants to make and file similar reports for the months of May, June, July, and August, 1892. This action was commenced on November 11, 1892, for the failure to make the reports on the first Monday of November for the preceding month of October, and the defendants herein pleaded the pendency of the former action in bar. That plea is not good. It is true that but one recovery of one

thousand dollars can be had for any number of delinquencies occurring before the suit is brought; but neither the pendency of such action, nor a recovery therein, is a bar to an action for a delinquency occurring after the former action was commenced. This cause of action did not accrue until the first Monday in November, and therefore did not exist when the former action was commenced. That there can be but a single penalty for past delinquencies, see *Loveland* v. *Garner*, 71 Cal. 541; but that a recovery for past delinquencies is not a bar to an action for a delinquency occurring afterward, see *Schofield* v. *Doray*, 89 Cal. 55. The fact that judgment in the former action had not been rendered does not operate to relieve them from delinquencies occurring during its pendency, as otherwise they would be relieved from any observance of the statute by the mere pendency of the action. Besides, the action is not against the corporation, but against the individual; and these defendants, who became directors after the delinquencies charged in the former suit, could not be made liable therefor, nor could persons who ceased to be directors in September be held liable for the delinquencies of their successors.

The order granting a new trial should be affirmed.

SEARLS, C., and BRITT, C., concurred.

For the reasons given in the foregoing opinion, the order appealed from is affirmed.

HARRISON, J., GAROUTTE, J., VAN FLEET, J.