[Civ. No. 1208.   Third Appellate District.—November 25, 1913.]

## O. D. JACOBY, Respondent, v. WILBUR S. PECK et al., Appellants.

ACTION FOR INSTALLMENTS OF RENT—EXPRESS LIMITATION AS TO QUES-
TIONS DETERMINED—JUDGMENT AS BAR TO SUBSEQUENT ACTION.—
Where, in an action to recover installments of money in the nature
of rent, the court determines the cause with reference to the install-
ments that were matured when the complaint was filed and expressly
declines to find as to any subsequent installment, the judgment is
not a bar to a subsequent action for later installments.

ID.—CONCLUSIVENESS OF JUDGMENT—MATTERS THAT MIGHT HAVE BEEN
LITIGATED.—The rule that a judgment is final and conclusive be-
tween the parties not only as to matters actually determined, but
as to every matter which the parties might have litigated and have
decided as incident to or essentially connected with the subject
matter of the litigation within the purview of the original action,
cannot properly be invoked as to an issue which affirmatively ap-
pears not to have been determined by the judgment; as to that issue
there is no judgment, and necessarily there can be no estoppel by
something that does not exist.

APPEAL from a judgment of the Superior Court of the
City and County of San Francisco.   J. M. Seawell, Judge.

The facts are stated in the opinion of the court.

Henry G. W. Dinkelspiel, and Daniel A. Ryan, for Ap-
pellants.

Chickering & Gregory, for Respondent.

BURNETT, J.—There were two appeals in this case, one
by plaintiff and the other by defendants.   The first was
considered by this court in an opinion filed November 7 last
and reported *ante,* p. 183, [137 Pac. 264], to which reference
may be had for a statement of the nature of the action.
Since that decision was rendered the appeal by defendants
has been transferred to this court by the supreme court.

The contention of appellants here is that they should have
judgment for the reason that the issues in this action were
determined, or could have been determined, in a prior action

that was tried between the same parties for the same amount. This prior action was properly pleaded in bar and as to it the court found as follows: ''That on August 21, 1905, said plaintiff, O. D. Jacoby, commenced an action in said superior court, in and for the city and county of San Francisco, against said Wilbur S. Peck, Herbert R. Peck and W. S. Peck, Jr., copartners doing business as W. S. Peck & Co., and said James J. Gildea and the J. J. Gildea Co., a corporation, praying judgment against said defendants for the sum of $5942.50, upon the same contract upon which this action was brought, and which is the same amount claimed in and by this action.

''That the issues in said action were the same as in this action; *that in and by said action all the issues embraced in this action were adjudged and determined, save and excepting the issue as to what, if any, amount became due said plaintiff on and after the first day of September, 1905 by way and by reason of said bonus referred to in said contract;* that in and by said judgment, pursuant to the findings made and filed in said action, it was adjudicated . . . That plaintiff was entitled to recover nothing from defendants save and excepting the sum of $450.00, being the installment which became due on the first days of June, July and August, 1905.

''That the findings in said action were made and filed on the 18th day of June, 1909, *nunc pro tunc* as of November 28, 1908, and judgment therein was entered in favor of the plaintiff and against the defendants for said sum of $450.00, together with interest.

''That no appeal was taken from said judgment and said judgment has never been vacated or set aside save and excepting as against'' the Pecks and W. S. Peck & Co., ''and not as to any other of the said defendants, said judgment has been vacated and set aside by the order of said court; that said judgment has become final and is now in full force and effect against said James J. Gildea and said J. J. Gildea Co., a corporation.''

We have italicised the portion of said finding to which especial attention will be directed.

The said action having been begun on August 21, 1905, it is of course, manifest that no cause of action existed at that time in favor of plaintiff for the said later installments, at

least, unless plaintiff had exercised the option and made the demand provided in said contract as a condition precedent for the maturity of the whole obligation of the said party of the second part. In view of the finding of the court, however, we must assume that said later installments were not then due.

It is true, though, that, at the time of the trial, they had "long since" become payable and a supplemental complaint might have been filed covering these installments and a disposition made of the whole controversy in the one action. This course, however, was not pursued, and it expressly appears, as already seen, that the court determined the cause upon its merits with reference to the installments that had matured when the said complaint was filed, and the court expressly declined to find as to any subsequent installment.

We do not understand that such judgment would be a bar to the maintenance of a cause of action accruing subsequent to said August 21, 1905.

The conditions or elements that render the prior judgment a bar to a subsequent action are provided in section 1908 of the Code of Civil Procedure, which as far as involved herein, is as follows: "The effect of a judgment or final order in an action or special proceeding before a court or judge of the state, or of the United States having jurisdiction to pronounce the judgment or order, is as follows: . . . 2. In other cases, the judgment or order is, in respect to the matter directly adjudged, conclusive between the parties and their successors in interest by title subsequent to the commencement of the action or special proceeding, litigating for the same thing under the same title and in the same capacity, provided they have notice, actual or constructive, of the pendency of the action or proceeding."

The only matter "directly adjudged" in the case before us is the indebtedness existing on said August 21, 1905, and as to that the judgment would, of course, constitute a bar, but it did and could not affect any subsequent indebtedness between the same parties.

The findings of the court leave no doubt as to what was "directly adjudged," but an additional assurance has been furnished by the rule prescribed in section 1911 of the Code of Civil Procedure as follows: "That only is deemed to have

been adjudged in a former judgment, which appears upon its face to have been so adjudged or which was actually and necessarily included therein or necessary thereto."

Probably no such direction is needed in a case like this where the judgment itself is explicit as to what was determined, but in many instances there is less degree of certitude as to what was "directly adjudged." And it will be found on examination that, generally, it is such cases that have given rise to the enunciation and application of the rule of evidence contended for by appellants. Here, as we have seen, there is an express declaration of what was adjudged. Besides, ignoring that declaration and keeping in mind the principle that we must not presume a forfeiture or default and that a judgment, it not otherwise appearing, determines the facts as they exist at the time of the filing of the complaint, an inspection of the judgment-roll leads to the conclusion that only the installments made payable by the contract, prior to September 1, 1905, were "actually and necessarily included" in said judgment and that the court was justified in holding that the cause of action as to the subsequent installments had not then matured.

But even if the court erred and should have determined the whole issue, while its failure to do so would be subject to revision and correction by the regular statutory methods, it would not affect the question involved herein.

What was actually adjudged—not what should have been adjudged—is the vital consideration here. "The judgment in such a case does not become an estoppel as to all matters which might have been litigated therein, but only as to such as were actually litigated, and which were necessary to be determined by the court before rendering its judgment upon the demand or the defense." (*Lillis* v. *Emigrant Ditch Co.*, 95 Cal. 561, [30 Pac. 1108].)

Appellants have made a misapplication and have misconstrued certain language of some of the decisions. They quote to the effect that "A judgment is final and conclusive between the parties not only as to matters actually determined, but as to every matter which the parties might have litigated and have decided as incident to or essentially connected with the subject matter of the litigation within the purview of the original action." This statement cannot properly be invoked

as to an issue which affirmatively appears not to have been determined by the judgment. As to that issue there is no judgment and necessarily there can be no estoppel by something that does not exist. If appellants' contention as to issues not determined be sound, then we must read the statute as providing that "the judgment is in respect to the matter directly adjudged and *as to the matter that ought to have been directly adjudged* conclusive between the parties," etc.

The cases cited by appellants present a situation entirely different from that before us, as will readily be appreciated. *Baker* v. *Bartol,* 6 Cal. 483, seems not to be in point. The question there was one of pleading and of the sufficiency of the evidence to support the judgment.

In *Gray* v. *Dougherty,* 25 Cal. 272, the doctrine contended for by appellants is qualified as follows: "It must appear, however, that the subject matter or question was not only the same, but that it was submitted on its merits and actually passed upon by the court; for if the trial went off on a technical defect, or because the cause of action had not yet accrued, or because of a temporary disability of the plaintiff to sue, or the like, the judgment could not be a bar to a future action. (Greenleaf on Evidence, sec. 530.) These facts may be ascertained by an inspection of the judgment-roll in the former suit; and if that fails to disclose all the facts necessary to a complete determination of the question, a resort may be had to extrinsic evidence."

In *Phelan* v. *Gardner,* 43 Cal. 306, it was held that the judgment-roll in the former action was properly excluded and that an unnecessary finding therein was not conclusive in a subsequent action.

The question decided in *Parnell* v. *Hahn,* 61 Cal. 131, was that the validity and legal effect of a contract of sale put in issue and determined in a former action could not be subsequently litigated by the same parties in another action.

In *Hardy* v. *Hardy,* 97 Cal. 125, [31 Pac. 906], it seems that a demurrer had been sustained to the complaint on the ground that it did not state facts sufficient to constitute a cause of action and judgment was entered against the plaintiff. Thereafter another action was brought between the same parties in which the same facts were alleged in the complaint with an

additional immaterial averment and it was properly held that the former judgment was a bar to the second action. In other words, it had already been adjudged that essentially the same facts did not entitle the plaintiff to any relief, and for the court to have held otherwise in the second action would have been to nullify the former judgment.

In *Crew* v. *Pratt*, 119 Cal. 139, [51 Pac. 38], it was held that "a decree distributing the estate to trustees named in the will of the decedent which has become final by failure to appeal therefrom, though erroneous, is a conclusive adjudication of the validity of the trust." In other words, it was decided that the validity of the trust "was actually and necessarily included" in and necessary to the determination of said decree.

How unlike the present are all these cases must be apparent at a glance.

The case here, in principle and on its facts, is more nearly analogous to *McDougal* v. *Downey*, 45 Cal. 165; *Thrift* v. *Delaney*, 69 Cal. 188, [10 Pac. 475], and *Shanklin* v. *Gray*, 111 Cal. 88, [43 Pac. 399].

In the first it was held that "when a mortgage is given to secure money to fall due in several installments from year to year, a judgment enforcing the lien of the mortgage for one installment is not a bar to another action to enforce the lien of the mortgage for another installment subsequently falling due."

In the Thrift case it was held that a judgment in an action of ejectment was not a bar to a subsequent action to recover possession of the property where the plaintiff relied upon a new title, the court holding that the former judgment was conclusive only as to the matters *put in issue and passed on* in the action.

In the Shanklin case it was held that "neither the recovery of a judgment nor the pendency of an action for a past delinquency is a bar to a subsequent action for a delinquency occurring after the *commencement* of the prior action."

We think there is no merit in the appeal and the judgment is affirmed.

Chipman, P. J., and Hart, J., concurred.