[No. 11929.  In Bank. — January 25, 1888.]

THE PEOPLE EX REL. ATTORNEY-GENERAL, RESPONDENT, *v.* E. R. PARVIN ET AL., APPELLANTS.

RECLAMATION DISTRICTS — SEGREGATION OF — ACT OF APRIL 15, 1880 — TITLE OF ACT AMENDING SECTION OF CODE. — The act of April 15, 1880, providing for the segregation of reclamation districts, and entitled "An act to amend section 3481 of the Political Code," expresses the subject of the act in its title sufficiently to meet the requirements of section 24 of article 4 of the constitution.

ID. — DISTRICTS ORGANIZED PRIOR TO CODE. — The act of April 15, 1880, does not authorize the setting apart of a new and independent reclamation district, within the limits of a district formed or organized prior to the adoption of the Political Code, and which has not reorganized under the Political Code.

APPEAL from a judgment of the Superior Court of Sacramento County, and from an order refusing a new trial.

The action was brought by the people on the relation of the attorney-general, to obtain a judgment declaring that the defendants have usurped and exercised powers and franchises as trustees of a pretended Reclamation District No. 366, without authority of law. Judgment was rendered in favor of the plaintiff. The further facts. are stated in the opinion of the court.

*McKune & George,* and *A. P. Catlin,* for Appellants.

The title to the act of April 15, 1880, amending section 3481 of the Political Code, sufficiently designates the purpose of the act to comply with the requirements of section 24 of article 4 of the constitution. (*People* v. *Briggs,* 50 N. Y. 562; *Petition of Mayer,* 50 N. Y. 504; *Harris* v. *People,* 59 N. Y. 599; *In re Metropolitan G. L. Co.,* 85 N. Y. 526; *Sun Mut. Ins. Co.* v. *Mayor,* 8 N. Y. 252; *Fuller* v. *People,* 92 Ill. 182; *State* v. *Wilson,* 12 Lea, 247; *Boggs* v. *Washington,* 10 Neb. 300; *Gatling* v. *Lane,* 17 Neb. 84; *State* v. *McCracken,* 41 Tex. 383; *Hasselmeyer* v. *State,* 1 Tex. App. 691; *Albrecht* v. *State,* 8 Tex. App. 220.)

*G. W. Gordon,* for Respondent.

"An act to amend section 3481 of the Potitical Code," approved April 15, 1880, is violative of article 4, section 24, of the constitution, as the subject of the amendment is not expressed in the title. (*Leonard* v. *January,* 56 Cal. 3; *Myers* v. *Hamilton,* 60 Cal. 288; *San Francisco & N. P. R. R. Co.* v. *Board of Equalization,* 60 Cal. 29; *Tingue* v. *Village of Chester,* 101 N. Y. 302: *Harland* v. *Territory,* 13 Pac. Rep. 457.)

McKINSTRY, J.—Section 43 of the act of March 28, 1868, "to provide for the management and sale of lands belonging to the state," provided that swamp and over-

flowed land districts, previously formed, could reorganize under that act in the manner therein set forth. In pursuance of the section, and on the tenth day of June, 1871, Reclamation District No. 3, which was originally formed June 20, 1861, was organized under the act of 1868.

The Political Code took effect January 1, 1873, when section 3481 of that code read as follows:—

"If the holders of certificates of purchase or patents for lands within any district formed prior to May 28, 1868, and in which the lands have not been reclaimed, desire to have their lands set off from such district, they must, in addition to the petition in section 3446, show to the board of supervisors that their lands are capable of an independent reclamation." And April 15, 1880, section 3481 was amended (if the amendatory act is valid) so as to read:—

"If the owners of lands representing more than two thirds of any body of lands within any reclamation or swamp-land district, and in which the lands have not been reclaimed, desire to have the said body of lands set off from such district, they must, in addition to the petition required by section 3446, show to the board of supervisors that the said body of lands is capable of an independent reclamation."

On the twenty-second day of July, 1880, the board of supervisors of Sacramento County, wherein the territory included in Reclamation District No. 3 is situated, by order set apart a portion of such territory as and for a separate and independent reclamation district, called, and to be called, Reclamation District No. 366.

This action is by the people of the state for a judgment declaring that the defendants have usurped and exercised powers and franchises as trustees of the pretended Reclamation District No. 366, without authority of law; that the said pretended district has no legal existence. Decree was entered for plaintiffs in the superior court.

It is contended by respondent that the Reclamation

District No. 366 (so called) has no legal existence, for two reasons:—

1. Because the act of April 15, 1880, is not a valid law, in that the title thereof does not conform to the mandatory requirement of the constitution,—"Every act shall embrace but one subject, which subject shall be expressed in its title." (Art. 4, sec. 24.)

2. Because neither section 3481 of the Political Code as the same read when the code was adopted, nor the section as it purports to have been amended by the act of April 15, 1880, applies to or authorizes a division of swamp-land districts, created or reorganized under the act of March 28, 1868.

1. The Political Code constitutes a single statute, thus entitled: "Title of the act,—1. This act shall be known as the Political Code of the state of California." Whether, under the present constitution, the legislature would have power to enact a law so generally entitled, is a very serious question. But under the constitution existing when the code was adopted, the title was sufficient, and the code continues in force. The section of the constitution, after providing as above quoted, proceeds: "No law shall be revised or amended by reference to its 'title' (that is, by reference to its title *alone*); but in such case the act revised or section amended shall be re-enacted, and published at length as revised or amended." There is no question here but that section 3481 was "re-enacted and published at length"; and the title of the act amended is very clearly referred to as the "Political Code." With reference to a statute passed since the constitution of 1879 took effect, there can be no doubt that a section of such a statute—the statute itself being properly entitled—may be amended by referring, in the title of the amendment, to the title of the statute amended, and re-enacting the section as amended. If, in such case, the title of the original statute did not state its "subject," both the statute and any amendment of it

would be void.  But it is enough if the title of the statute is recited; it is *not* necessary that the subject of the particular section amended shall be stated in the title of the amendatory act.  It is to be understood, of course, that if any subject shall be embraced in a section of an act passed under the present constitution, which shall not be expressed in the title of the act, the section is void.  (Art. 4, sec. 4.)  It follows, also, that, under pretense of amending a particular section, the legislature cannot legislate upon a subject not embraced in the title of the original act.  If it be said that the title of the amendatory act of April 15, 1880, does not express the subject, the reply is that the constitution does not require, in case of an amendment, that the subject shall be any more fully stated than it is stated in the *valid statute* amended.

Each article of the Political Code is preceded by headnotes numbered to correspond with the sections following, and purporting to give, in brief form, the subject of each of such sections.  It would sometimes give fuller notice to the members of the legislature if the title to a bill for amending a section of the code embraced a statement of the matter contained in the appropriate headnote, or its equivalent.  The head-note to section 3481, however, is " unreclaimed lands may be set off in a separate district"; and even this does not indicate that such district may be formed within another already existing.  But the constitution only *requires* that the title of the act which it is proposed to amend shall be clearly mentioned or recited in the act amending a particular section.  This being done, the sufficiency of the title of the amendatory act depends upon the sufficiency of the title of the original act; and as the title of the Political Code was sufficient under the former constitution, we are not prepared to say that the Political Code is a void act because its title does not conform to the mandate of the constitution, adopted after the code became an operative law.

2.  We are of opinion the act of April 15, 1880, does

not authorize the setting off of a new and independent district within the limits of a reclamation district formed or organized prior to the adoption of the Political Code, and not reorganized under the Political Code.

Section 3478 of the Political Code provides that districts formed under laws in force prior to May 28, 1868, may reorganize under the provisions of the code. And section 3489 provides a mode by which any reclamation districts organized, or erected prior to the code, may " reorganize and consolidate " under the code.

The provisions of the Political Code, with reference to the levy and collection of assessments, have no application to Reclamation District No. 3. It has been so decided by this court. (*Reclamation District No. 3* v. *Kennedy,* 58 Cal. 124.) Why should section 3481 of the same code be held to apply to and authorize a division of Reclamation District No. 3 ?

True, section 3481, as originally adopted, provided for the formation of new districts only within those formed prior to May 28, 1868. But the amendment of 1880 does not necessarily imply an intent to authorize the future formation of new districts within districts formed or organized under the law of 1868. When section 3481 was amended, section 3478, which permitted districts formed under laws in force prior to the law of 1868 to reorganize under the code, was suffered to remain unchanged. We may reasonably presume the purpose of the amendment of 1880 was to provide for the formation of new districts only *within* those formed or reorganized under the Political Code, and not to authorize the formation of new districts within those formed prior to the code, which were not reorganized under the code.

Since the amendment of section 3481, the code is to be read as if the section 3481, as amended, has been incorporated in it from the beginning. So reading it, there is little difficulty in construing section 3481, as intended to permit the formation of new, separate, or

independent districts only within the territory of the districts formed or reorganized under the provisions of the Political Code.

Section 3 of the Political Code expressly provides that no part of it shall be held to be retroactive unless so expressly declared. When the legislature has launched a scheme or system, to be carried into operation in the future, for the acquisition of private rights or the disposition of public property, evidently intended to be exhaustive of the subject of the legislation, the whole plan is to be considered together, and the language used in one portion of the statute (unless the contrary is clearly indicated) should not be given a broader effect than its purpose as part of the scheme. The distribution of the code is merely arbitrary, and for convenience of reference, and by it no force is added to the suggestion that a particular section is to be given an independent effect, without consideration of the language of the other sections.

The Political Code furnishes a system for the reclamation of swamp and overflowed lands, complete in itself, and differing widely in various particulars, from the system — also intended to be complete — provided by the act of 1868, or by any other previous act. The provisions of the code relating to the formation and organization of reclamation districts; to the petition to be presented to the supervisors, its contents, by whom signed and verified, and how published; to the order of approval, the action of the register, making of by-laws, election of officers, employment of agents, and their duties; to the levy and collection of assessments, etc.,— in short, to all other of the statutory steps to be taken or acts to be done,—relate to reclamation districts to be formed under the Political Code. In like manner section 3481, as amended, should be held to relate to a setting off from districts formed or reorganized under the Political Code.

Judgment and order affirmed.

SHARPSTEIN, J., PATERSON, J., AND SEARLS, C. J., concurred.

TEMPLE, J., concurring.—I concur, on the ground that the statute did not authorize the formation of the new district.

McFARLAND, J., concurring.—I concur in the judgment, upon the second ground stated in the opinion of Mr. Justice McKinstry; but I think that the act of April 15, 1880, is void, because there is no "subject expressed in its title."

We have in this state a *code system,* which embraces every imaginable subject of legislation. It is nominally divided into four codes, to each of which is given a name; but neither is confined to any particular subject or subjects, nor is either complete in itself. They are inseparably interwoven with each other. The Penal Code, for instance, does not define all public offenses; it does not contain a statement of the criminal jurisdiction of the courts; and on the trial of a person charged by indictment or information, recourse to rules and principles stated in the other codes is constantly necessary. The Code of Civil Procedure and the Civil Code are, of course, indissolubly blended; while the Political Code is a hotch-pot in which a great deal of everything—civil and criminal, substantive law and procedure—is indiscriminately mixed up. Together, however, they form a complete system of laws. But the subjects of legislation embraced in this system are innumerable. Therefore the mere statement in the title of an act of the legislature that it is to amend some section of *this system* gives no more notion of what the act is about than if the statement were "An act to amend the general laws of the state."