[No. 13524. — Department Two. — December 29, 1891.]

ADELAIDE F. FRANCAIS, Respondent, *v.* PIERRE
G. SOMPS, Appellant.

Mining Corporations — Posting of Itemized Account — Action for
Penalty. — An action will lie by a stockholder against any one or more
of the directors of a mining corporation to recover the penalty of one
thousand dollars for omitting to cause to be made and posted an itemized
account or balance-sheet monthly, as required by the act of March 30,
1874.

Id. — Constitutional Law — Title of Act — Protection of Stock-
holders. — The title of that act, being "An act for the better protection
of the stockholders in corporations formed under the laws of the state of
California, for the purpose of carrying on and conducting the business
of mining," sufficiently expresses the subject-matter to include the pen-
alty therein provided for failure of the directors of a mining corporation
to cause to be made or posted an itemized account or balance-sheet.

Id. — Applicability of Statute — Conducting of Mining Business. —
The act in question imposes the duties specified upon the directors of
corporations formed for the purpose of carrying on and conducting the
business of mining, without regard to whether the business of mining is
actually carried on, or conducted feebly, or at all.

Id. — Maxim — De Minimis. — The maxim, *De minimis non curat lex*, cannot
be applied in an action to recover the penalty provided for by the act,
notwithstanding the itemized accounts or balance-sheets, had they been
posted, would have given very little information.

Appeal from a judgment of the Superior Court of the
city and county of San Francisco, and from an order
denying a new trial.

The facts are stated in the opinion of the court.

*T. I. Bergin,* for Appellant.

The only expression of the subject of the act of 1880,
under which this suit is based, is, that it is an act amend-
atory of a certain act named, and it is therefore uncon-
stitutional, for the reason that its title is insufficient.
(Const., art. IV., sec. 24; *Leonard* v. *January*, 56 Cal. 3;
*Tingue* v. *Village of Port Chester*, 101 N. Y. 294; *People*
v. *Briggs*, 50 N. Y. 561; *People* v. *Hills*, 35 N. Y. 450.)
The case at bar does not come within the provisions or
purview of the act, if constitutional, as the company was
not engaged in business. As it would only be a loss to

prosecute its business, it was not bound so to do. (*Cates* v. *Sparkman*, 73 Tex. 622; 15 Am. St. Rep. 806; *Miners' Ditch Co.* v. *Zellerbach*, 37 Cal. 589; 99 Am. Dec. 300; *People* v. *Albany & Vt. R. R. Co.*, 24 N. Y. 263; 82 Am. Dec. 295.) The provisions of the statute can have no application in this case, as the corporation was not engaged in mining at the time of the bringing of the action. All laws should have a sensible construction. (*United States* v. *Kirby*, 7 Wall. 486; *Peisch* v. *Ware*, 4 Cranch, 347; *People* v. *Morrill*, 26 Cal. 342; *Buchanan* v. *Nagle*, 88 Cal. 591; *Bruce* v. *Platt*, 80 N. Y. 384; *Kirkland* v. *Kille*, 99 N. Y. 394.) The case must be brought within the precise letter of the statute, before the penalty can attach. (*Ex parte McNulty*, 77 Cal. 168.)

*J. J. Dwyer*, for Respondent.

The act is constitutional, and the title is sufficiently expressed. (*People* v. *Parvin*, 74 Cal. 549; *San Francisco & N. P. R. R. Co.* v. *State Board of Equalization*, 60 Cal. 12.) The statute in question has received consideration, and been upheld by this court in the following cases: *Loveland* v. *Garner*, 71 Cal. 541; *Beal* v. *Osborne*, 72 Cal. 305; *Schenck* v. *Bandmann*, 81 Cal. 231; *Chapman* v. *Doray*, 89 Cal. 52.

SHARPSTEIN, J. — This action is brought to recover one thousand dollars against the defendant as a director of the Yosemite Queen Gold, Silver, and Lead Mining Company, a corporation, for omitting to cause to be made and posted an itemized account or balance-sheet on the first Mondays of November and December, 1886, and the first Monday of January, 1887, as required by the provisions of an act amendatory of an act entitled " An act for the better protection of the stockholders in corporations formed under the laws of the state of California, for the purpose of carrying on and conducting the business of mining," approved March 30, 1874. That an action of this kind may be maintained has been settled in *Loveland* v. *Garner*, 71 Cal. 541; *Beal* v. *Osborne*,

72 Cal. 305; *Schenck* v. *Bandmann*, 81 Cal. 231; *Chapman* v. *Doray*, 89 Cal. 52.

The defendant appeals from the judgment, and from an order denying his motion for a new trial.

The first point presented in appellant's brief is, that the subject of the act is not sufficiently expressed in its title. But under the decision in *People* v. *Parvin*, 74 Cal. 552, the title is sufficient to satisfy the provision of the constitution relating thereto.

The second point is, that if the statute be constitutional, this case is not within its provisions, the argument being, in effect, that the object of the act as expressed in the title is for the better protection of the stockholders in corporations formed for the purpose of carrying on and conducting the business of mining, and that the evidence shows without conflict that this corporation was not carrying on or conducting the business of mining. We think the findings of the court are justified by the evidence; and the court finds that at all the times in the complaint mentioned the corporation had a duly appointed president, superintendent, and secretary, and that during the months of October, November, and December, 1886, said corporation disbursed certain sums of money and incurred indebtedness and liabilities, and had a certain sum of money on hand during said month of October, 1886, and thereafter till and including the first Monday of November, 1886, and that during said months of November and December, 1886, and January, 1887, the directors, of whom the defendant was one, failed and neglected to make or cause to be made the itemized accounts or balance-sheets of the business of said corporation, or the accounts or reports or statements of the superintendent, by said act required to be made, or any itemized accounts or balance-sheets whatever, and failure to cause said superintendent to make or file with the secretary, or forward to the office of said company, the monthly and weekly reports, accounts, and statements, or any or either of them, as are by said act required.

If the law imposed the duties specified upon the directors of corporations actually carrying on or conducting the business of mining, the contention of appellant's counsel would be unanswerable; but the law imposes such specified duties upon the directors of corporations formed for the purpose of carrying on and conducting the business of mining. There can be no question of the formation of this corporation for that purpose, although it was very feebly, if at all, prosecuted.

The itemized accounts or balance-sheets and reports would have shown very little, but that little might, in some cases, be of interest to stockholders, and we cannot apply the maxim, *De minimis non curat lex*, in this case, because we think the law under which this action is prosecuted does care for small things. It does not except them, and we do not feel authorized to.

Judgment and order affirmed.

DE HAVEN, J., and McFARLAND, J., concurred.