[Sac. No. 1173. In Bank.—June 26, 1903.]

M. N. BEACH, Constable, etc., Appellant, v. OTTO VON DETTEN, County Auditor of San Joaquin County, Respondent.

CONSTITUTIONAL LAW—AMENDMENT OF COUNTY GOVERNMENT ACT—TITLE.—The act of March 23, 1901, entitled "An act to amend an act entitled 'An act to establish a uniform system of county and township governments, approved April 1, 1897,' by amending certain sections thereof, repealing other sections, and adding certain sections thereto," in the body of which each section amended refers to the title of the act of 1897, quoting it in full, and gives the number of the section amended, and the language in the amended form,—the sections thus amended being fifty-eight out of two hundred and thirty-four,—is amendatory in its nature, and sufficiently entitled as such in conformity with the constitution.

ID.—REVISION.—The amendatory act of 1901 does not constitute a revision of the act of 1897, within the meaning of the constitution.

ID.—PRESUMPTION—LIBERAL CONSTRUCTION OF CONSTITUTION—SUFFICIENCY OF AMENDATORY ACT.—In determining the constitutionality of an act, the courts presume that it is constitutional, and that the legislature acted with integrity, and with an honest purpose to keep within the restrictions of the constitution. The courts are disposed to construe liberally constitutional provisions, with reference to the subject and title of an act, which is not required to express fully the details of the act. The constitutional requirement is satisfied, when an amendatory or supplemental act contains matter which might have been incorporated in the original act, under its title, and identifies the original act by its title, and declares the purpose to amend or supplement it.

APPEAL from a judgment of the Superior Court of San Joaquin County. W. B. Nutter, Judge.

The facts are stated in the opinion.

Ashley & Neumiller, for Appellant.

A. H. Carpenter, *Amicus Curiæ*, for Respondent.

COOPER, C.—This is an appeal by plaintiff from a judgment denying his application for a writ of mandate against defendant as county auditor. Plaintiff is a constable of Stockton Township, in said county. He demanded a warrant

for his salary as constable, amounting to $85.50, under the County Government Act of 1897. Defendant contends that he is only entitled to a warrant for $64.11, being his salary under the County Government Act of 1901, as amended.

The question to be determined is as to the constitutionality of the act of 1901 in so far is it affects the question of plaintiff's salary. The act of 1897 was entitled "An act to establish a uniform system of county and township governments," approved April 1, 1897. (Stats. 1897, p. 452.) Section 56 of the act of 1897 provided: "The officers of a township are two justices of the peace, two constables, and such subordinate officers as are provided by law. In townships containing cities in which city justices or recorders are elected, there shall be but one justice of the peace." The act of 1897 fixed San Joaquin County as a county of the seventh class, and under its provisions plaintiff's salary was one hundred dollars per month. By an act entitled "An act to amend an act entitled 'An act to establish a uniform system of county and township governments, approved April 1, 1897,' by amending certain sections thereof, repealing certain other sections, and adding certain sections thereto," approved March 23, 1901, (Stats. 1901, p. 685,) the legislature placed San Joaquin County in the eighth class, and made plaintiff's salary seventy-five dollars per month. Under the above title, the language used in amending the section of the act of 1897, fixing the classification of counties, is as follows: "Section one hundred and fifty-seven of an act entitled 'An act to establish a uniform system of county and township governments, approved April 1, 1897,' is hereby amended to read as follows." All the sections so amended by the act of 1901 begin with a similar reference to the section and title of the act of 1897. Plaintiff contends that the act of 1901 is void because it violates that part of section 24 of article IV of the constitution of the state which provides that "Every act shall embrace but one subject, which shall be expressed in its title. . . . No law shall be revised or amended by reference to its title; but in such case the act revised or section amended shall be re-enacted and published at length as revised or amended . . ." The question, therefore, is as to whether or not the subject of the act of 1901 is expressed in its title, and whether it was published at length as amended. It is also

claimed that the act is a revision, and not an amendment. We think it clearly appears that the act was an amendatory act, and not a revision. It is styled in the title "An act to amend"; and not only this, but every section amended is referred to in the body of the act by number, and "is hereby amended to read as follows." The legislature in every section amended refers to the title of the act of 1897, quoting it in full, and giving the number of the section amended and the language in its amended form. It is therefore clear that the legislature thought it was amending certain sections of the act of 1897. Nor does it make any difference that fifty-eight sections of the original act of two hundred and thirty-four sections were thus amended. If one section could be amended in the way in which it was done in this case, fifty-eight could be so amended. There is no law that makes the amendment of one section of an act embracing two hundred and thirty-four sections a "revision." If the amendment of one section is not a revision, neither is the amendment of two sections, nor of fifty-eight sections. Of course, every amendment of any section is in one sense a revision of that section, but it is not a revision in the sense of the constitution. The remaining one hundred and seventy-six sections of the act of 1897 were not changed in any way, nor was the general plan of the original act changed, nor the matter rearranged. In *The Borrowdale,* 39 Fed. Rep. 380, it is said: "As long as there is one section of the original act untouched there is no revision, and it is sufficient to set forth and publish in the amendatory act only the sections actually amended and as amended." The above statement is evidently too broad, because it is apparent that an act consisting of many sections might be changed in many respects, the subjects treated of differently, the sections differently arranged and differently numbered, and yet retain one or more complete sections of the original act. In such case the act would be a revision. But in this case, where the title refers plainly to the original act, and the general plan of the original act is not changed, but three fourths of the original sections remain the same, with the same numbers, it is evident that the amendatory act was not intended to be, nor was it, a revision within the meaning of the constitution. In determining the constitutionality of an act of the legislature,

courts always presume in the first place that the act is constitutional. They also presume that the legislature acted with integrity, and with an honest purpose to keep within the restrictions and limitations laid down by the constitution. The legislature is a coordinate department of the government, invested with high and responsible duties, and it must be presumed that it has considered and discussed the constitutionality of all measures passed by it. There has been a general disposition in all courts to construe constitutional provisions with reference to the subject and title of an act liberally, rather than to embarrass legislation by a construction which is unnecessary to the accomplishment of the beneficial purposes for which the provision was adopted. It is evident that the title of an act is not required to express fully all the details with which the act may deal, nor is it required to be an index to every topic under the act. It is said by Judge Cooley in his work on Constitutional Limitations (6th ed., p. 172): ''The general purpose of these provisions is accomplished when a law has but one general subject, which is fairly indicated by its title. To require every end and means necessary or convenient for the accomplishment of this general object to be provided for by a separate act relating to that alone, would not only be unreasonable, but would actually render legislation impossible.'' And this court has adopted the liberal rule as above stated. *People* v. *Parvin,* 74 Cal. 549, was first decided in August, 1887, and affirmed in Bank on rehearing in January, 1888. It was there held that an act entitled ''An act to amend section 3481 of the Political Code'' expresses the subject of the act in its title sufficiently to meet the requirements of the constitution. The court said: ''There can be no doubt that a section of such a statute—the statute itself being properly entitled—may be amended by referring, in the title of the amendment, to the title of the statute amended, and re-enacting the statute as amended.'' That case was followed and approved in *People* v. *Dobbins,* 73 Cal. 257, decided also in August, 1887, where it was held that '' 'An act to amend an act entitled ''An act to establish a Penal Code, approved February 14, 1872,'' by amending section 634, relating to fish and game,' [Stats. 1885, p. 116,] sufficiently expressed the subject in its title, within

the meaning of the constitution." The Parvin case was also followed and approved in *Francais* v. *Somps*, 92 Cal. 502, where it was held that an amendatory act simply amending an act entitled "An act for the better protection of the stockholders in corporations formed under the laws of the state of California for the purpose of carrying on the business of mining," sufficiently expressed the subject in its title. The act so amended consisted of four sections, and the amendatory act did not mention the section or sections amended. In speaking of the constitutional provision here invoked, this court said, in *Ex parte Liddell*, 93 Cal. 638: "It is admitted that the constitutional provision under consideration has always been given a liberal construction, and this must be so because the constitution itself does not define the degree of particularity with which a title shall specify the subject of a bill. The matter must therefore be left largely to legislative discretion." The language quoted was adopted and approved in the late case of *People* v. *Mullender*, 132 Cal. 220. The rule as above stated is the rule laid down in the textbooks. It is said in Sutherland on Statutory Construction (sec. 101): "The constitutional requirement under discussion as applied to acts of this character, when they contain matter which might appropriately have been incorporated in the original act under its title, is satisfied generally if the amendatory or supplemental act identifies the original act by its title and declares the purpose to amend or supplement it." (For a list of authorities in other states supporting the text above stated, see note 2 to above section, pp. 116, 117.)

The main case relied upon by appellant is *Lewis* v. *Dunne*, 134 Cal. 291.[1] That case is not in conflict with the views herein expressed. The act there held unconstitutional was held to be an attempt at a revision of the Code of Civil Procedure. It was not an act to amend an act properly entitled. The court said in that case: "The title should, on its face, give at least some sort of information as to what the proposed act was about. This the title in question does not do." *People* v. *Parvin*, 74 Cal. 549, was discussed and distinguished, but not overruled. It is argued that the act of 1901 contained certain new provisions not contained in the

---

[1] 86 Am. St. Rep. 257, and note.

act of 1897, relating to reporters of the superior court and jurors in criminal cases. The provisions referred to are not before us in this case, and if they were held unconstitutional, such holding would by no means invalidate the other provisions of the act.

The judgment appealed from should be affirmed.

Gray, C., and Haynes, C., concurred.

For the reasons given in the foregoing opinion the judgment appealed from is affirmed.

Angellotti, J., Shaw, J., Lorigan, J., Van Dyke, J.

McFARLAND, J., concurring.—I concur in the judgment. The title of the act here involved refers to and copies the title of the act which it proposes to amend, and the said title of the act to be amended clearly expresses a definite subject; therefore, the title of the amendatory act would have been good without any reference to sections of the act to be amended, and the general reference which is made therein to sections is of no consequence. Upon the subject of "Revision," the case is not at all within *Lewis* v. *Dunne*, 134 Cal. 291.[1] In that case the title involved commenced with the words "An act to revise." It appeared on the face of the act that it was the result of an act to create a commission "for the revision and reforming of the law"; and the body of the act, with the varied forms of changes made therein, showed that it was in fact what it was formally declared to be, a revision.