[Crim. No. 1063. Department One.—January 23, 1904.]

THE PEOPLE, Respondent, v. JAMES OATES, Appellant.

CRIMINAL LAW—INFAMOUS CRIME AGAINST NATURE—AMENDMENT OF PENAL CODE—CONSTITUTIONAL LAW.—Under an information charging the infamous crime against nature, a judgment of conviction of an attempt to commit the crime cannot be arrested on the ground of alleged invalidity of the act of April 9, 1880, entitled "An act to amend certain sections ·of the Penal Code, including section 1159 thereof, and to repeal certain other sections, and to add section 809 thereto." That act was in no sense a revision of the entire Penal Code, requiring a republication thereof, and the subject was · sufficiently embraced in its title;- and it is constitutional and valid.

ID.—CONVICTION FOR ATTEMPT—CONSTRUCTION OF CODE—INSTRUCTION. —Under an information for the commission of the infamous crime against nature, a conviction may be properly had for attempt to commit such crime. Sections 663 and 664 of the Penal Code do not ' apply exclusively to prosecutions for attempts to commit crime, and under such information, charging a felony within the terms of section 664, the court properly charged the jury in the language of that section, that "A person who attempts to commit a crime, but fails, or is prevented or· intercepted in the perpetration thereof, is punishable for said attempt."

ID.—ASSAULT, WHEN INVOLVED IN ATTEMPT—INSTRUCTION.—An assault is only involved in an attempt to commit the crime against nature when committed upon a human being; and when not so committed an assault is not an element of an attempt to commit the crime charged; and it was not error in such case to refuse an instruction to the effect that an attempt to commit the crime charged can only be directed against a person.

ID.—INSTRUCTIONS PROPERLY REFUSED.—Instructions asked by the defendant, based upon the erroneous assumption that defendant could not be convicted of an attempt to commit the crime charged, and instructions asked which were included in the charge of the court, were properly refused.

APPEAL from a judgment of the Superior Court of Nevada County. F. T. Nilon, Judge.

The facts are stated in the opinion.

George D. Buckley, for Appellant.

U. S. Webb, Attorney-General, E. B. Power, Deputy Attorney-General, and George L. Jones, District Attorney, for Respondent.

CHIPMAN, C.—This is an appeal from the judgment of conviction upon an information charging the commission of the infamous crime against nature. The verdict was guilty of an attempt to commit the crime charged. Defendant appeals from the judgment, and contends that his motion in arrest of judgment, which was refused, should have been granted.

1. It is claimed that the act approved April 9, 1880, is unconstitutional and void. It is entitled "An act to amend sections [then follow one hundred and eight sections of the Penal Code, numbered consecutively as they there occur], and to repeal sections 969 and 1025 of the Penal Code, and to add a new section thereto, to be known as section 809, to provide for prosecutions by information, and to adapt the provisions of said code thereto." (Amendments Pen. Code, 1880, p. 10.)

The contention is,—1. That the act is a revision of the Penal Code, and hence required a republication of the entire code; 2. That section 809 added another subject to the code, making two subjects treated of in the amendment, only one of which is expressed in the title; and 3. That section 1159 (one of the amended sections) is inoperative and void so far as it relates to prosecutions by information, because the act itself is void. The provision of the constitution involved is section 24 of article IV: "Every act shall embrace but one subject, which subject shall be expressed in its title. . . . No law shall be revised or amended by reference to its title; but in such case the act revised or sections amended shall be reenacted and published at length as revised or amended." We do not think the act before us is anything more than what its title declares it to be,—viz., "An act to amend" the sections named and "to repeal" certain sections named and "to add a new section" to the Penal Code. It is in no sense a revision of the entire code. *Beach* v. *Von Detten,* 139 Cal. 462, is not unlike the present case, and is decisive of it. Here each section of the act amending any one section reads: "Section [giving the number] of the Penal Code is hereby amended so as to read as follows:" The repealing sections of the act referred also to the said code, and so in adding the new section 809. In *Lewis* v. *Dunne,* 134 Cal. 291,[1] the attempt made was

---

[1] 86 Am. St. Rep. 357.

a revision of the Code of Civil Procedure. That case does not aid appellant.

2. The point that the title does not embrace the subject of the act seems to be met by *People* v. *Parvin,* 74 Cal. 549, referred to and commented upon in *Beach* v. *Von Detten,* 139 Cal. 462. It was there held that an act entitled "An act to amend section 3481 of the Political Code" sufficiently expresses the subject of the act and meets the requirements of the constitution. The act of May 12, 1881, is entitled "An act to amend section 3713 of the Political Code, and to provide for the levy of the tax for state purposes. . . ." *Held,* in *San Francisco etc. R. R. Co.* v. *State Board,* 60 Cal., at p. 34, to express the subject of the act. From what has been said it follows that section 1159 amended by the act is operative.

3. It is contended that sections 663 and 664 of the Penal Code "apply exclusively to prosecutions for attempts to commit crime, and not for the crime itself," and that the court erred in instructing the jury that "a person who attempts to commit a crime, but fails, or is prevented or intercepted in the perpetration thereof, is punishable for said attempt." The instruction is in the language of the code (sec. 664) and the case falls within one of the classes of offenses mentioned therein,—namely, an offense punishable by imprisonment in the state prison. The instruction was not error.

4. It is urged that an attempt to commit the offense involved an assault, and must be directed against a person. (Citing *People* v. *Hickey,* 109 Cal. 275.) In that case the trial court refused to instruct the jury that the defendant might be convicted of a simple assault.

The court held here that the instructions should have been given. In that case it was held that the offense of assault is an element of the crime when committed on a human being, but not so when the victim is not a human being. If, therefore, assault is not an element of the crime here charged, it must follow that it is not an element of the offense involved in the attempt to commit the crime. It was not error to refuse the instruction.

5. The instructions asked by defendant and refused were based upon the erroneous assumption that defendant could not be convicted of an attempt to commit the crime charged.

Besides, the court elsewhere fully instructed the jury upon the doctrine of reasonable doubt, and also upon the remaining question involved in the rejected instructions.

We advise that the judgment be affirmed.

Smith, C., and Gray, C., concurred.

For the reasons given in the foregoing opinion, the judgment is affirmed.        Shaw, J., Angellotti, J., Van Dyke, J.