[Crim. No. 340.   First Appellate District.—January 22, 1912.]

## THE PEOPLE, Respondent, v. C. HOWARD MERRITT, Appellant.

CRIMINAL LAW—ORDER DENYING ARREST OF JUDGMENT—REVIEW UPON APPEAL.—An order denying a motion in arrest of judgment in a criminal case is not appealable, but it may be reviewed upon appeal from the judgment.

ID.—CRIME UNDER ACT FOR PROTECTION OF STOCKHOLDERS—SCOPE OF TITLE.—A provision for the punishment as a crime of enumerated acts that may result in deceiving the stockholders of a corporation or others dealing therewith comes within the general scope of the title of "An act to protect stockholders and persons dealing with corporations in this state."

ID.—TITLE OF AMENDATORY ACT—GERMANE AMENDMENT—PENAL PROVISIONS.—An amendment to a valid law need not more fully state the subject of the amended statute than it is stated in the valid statute amended. The title of the act of March 22, 1905, entitled, "An act to amend 'An act to protect stockholders and persons dealing with corporations in this state,' approved March 20, 1878," sufficiently expresses the subject matter of the amendment notwithstanding the body of the act as amended is wholly penal in its provisions.

ID.—CONSTITUTIONALITY OF AMENDATORY ACT.—Though, if the amendatory act of 1905 would, if passed as a new act, be invalid under the present constitution, yet it is nevertheless valid, since the original act of 1878 was valid under the former constitution, and since the amendatory act recites the original valid act, of which it is amendatory, and re-enacts the act as amended in full. This is a sufficient compliance with the constitution, both as to the title of the amendatory act and as to the manner of amending the original act.

ID.—CONVICTION OF CRIME CHARGED—FRAUDULENT PROSPECTUS OF OIL COMPANY—MOTION TO ARREST JUDGMENT PROPERLY DENIED.—Where the crime charged under the amended act was the publication by the defendant as secretary and manager of an incorporated oil company of a willfully false and exaggerated report, prospectus, account and statement of the operations, values, business and expenditures, and prospects of said oil company, with the intent to defraud the public and persons generally, the information therefor is sufficient, and after a verdict of guilty, upon sufficient evidence, a motion in arrest of judgment was properly denied.

ID.—EVIDENCE—ADMISSION OF ENTIRE PROSPECTUS—APPEAL TO PUBLIC TO TAKE STOCK—FALSITY—FRAUDULENT INTENT.—Where the pub-

lished prospectus is set forth in full in the information, and the intent to defraud was charged in accordance with the statute, and in its intent it was well calculated to induce persons who might read it to purchase stock in the company, and was an appeal to the public to purchase stock therein, it was properly admitted in evidence as a whole, which, when taken in connection with evidence of the falsity of the matters therein alleged to be untrue, tended to show that the false portions thereof were published with intent to defraud the public, and persons who might be induced thereby to invest in the stock of the company.

ID.—CLAIM OF OIL LAND—PROOF OF FALSITY—PRIOR AFFIDAVITS AS TO GRAZING PURPOSES—APPLICATIONS FROM STATE.—Where the prospectus stated that "this land is made up of more certain indications of oil than any other field in the state," evidence is admissible as tending to show the falsity of that statement that, prior to the prospectus, applications were made to purchase lands from the state, included therein, in connection with which defendant swore that the lands were principally adapted to grazing purposes; and the applications were admissible as part of the *res gestae* of the making of the affidavits, in order to show that the affidavits were statements of material matters made upon an oath authorized as required by law.

ID.—CROSS-EXAMINATION OF DEFENDANT—MATTERS NOT TESTIFIED TO IN CHIEF—ERROR WITHOUT PREJUDICE.—Upon cross-examination of the defendant as to matters not testified to in chief,—concerning prior mineral locations which were fragmentary evidence, having no effect on the case; and concerning additional development work, which could only be of service to the defendant; and concerning his signature to an affidavit of grazing lands which had been fully proved in the case; and concerning a corrected letter admitted on cross-examination which was an immaterial substitute for the original admitted in chief,—there was no prejudicial error as to any of such matters.

ID.—EFFECT OF AMENDMENT TO CONSTITUTION REQUIRING SUBSTANTIAL INJURY TO APPEAR FROM ERROR.—The recent amendment to the constitution, known as section 42 of article VI of the constitution, providing that no judgment shall be set aside or new trial granted in a criminal case for any error, "unless after an examination of the entire cause, including the evidence, the court shall be of the opinion that the error complained of has resulted in a miscarriage of justice," requires at least that it must appear to the court affirmatively that the defendant has been injured in a substantial manner by the error complained of.

ID.—INJURY NOT PRESUMED FROM ERROR.—Under the amendment there can be no presumption of injury from the mere fact of error; but substantial injury as well as the error must be made affirmatively to appear.

ID.—REQUESTED INSTRUCTION AS TO AFFIDAVITS FOR GRAZING PURPOSES—
RIGHT TO PUBLISH PROSPECTUS AS TO OIL—REQUEST PROPERLY
MODIFIED.—A requested instruction as to the effect of defendant's
affidavits for grazing purposes, which concluded with the following
sentence: "If the defendant did in fact believe that there was oil
and oil formations in said land, but there had been no mineral
discovery actually made thereon, he, notwithstanding such belief,
had a legal right to make an affidavit that such land was principally
adapted for grazing purposes, yet, under such circumstances, he
would have a legal right to subscribe, verify and publish a pros-
pectus containing the statement that such lands contained oil and
formations including oil," was properly modified by striking out
such sentence, as misleading, in reference to the contents of the
prospectus, and as argumentative and trenching upon the province
of the jury.

APPEAL from a judgment of the Superior Court of Ala-
meda County, and from an order denying a new trial. Ever-
ett J. Brown, Judge.

The facts are stated in the opinion of the court.

A. L. Frick, and W. J. Clark, for Appellant.

U. S. Webb, Attorney General, Chas. Jones, Deputy Attor-
ney General, and Raymond Benjamin, Deputy Attorney Gen-
eral, for Respondent.

HALL, J.—This is an appeal from a judgment and order
denying defendant's motion for a new trial. Defendant also,
in form, took an appeal from the order of the court denying
his motion in arrest of judgment. Such order is not appeal-
able (Pen. Code, sec. 1237), but may be reviewed upon the
appeal from the judgment.

The defendant was charged with violating the provisions
of an act of the legislature of this state, approved March 22,
1905, entitled "An act to amend an act entitled 'An act to
protect stockholders and persons dealing with corporations in
this state,' approved March 29, 1878, and all acts amendatory
thereof, and to repeal all acts in conflict therewith."

The act (of 1905) consists of two sections as follows:

"Section 1. Any superintendent, director, secretary, man-
ager, agent or other officer, of any corporation formed or exist-
ing under the laws of this state, or transacting business in

the same, and any person pretending or holding himself out as such superintendent, director, secretary, manager or other officer, who shall willfully subscribe, sign, indorse, verify, or otherwise assent to the publication, either generally or privately, to the stockholders or other persons dealing with such corporation, or its stock, any untrue or willfully and fraudu-: lently exaggerated report, prospectus, account, statement of operations, values, business, profits, expenditures or prospects, or other paper or document intended to produce or give, or having a tendency to produce or give, to the shares of stock in such corporation a greater or less apparent or market value than they really possess, or with the intention of defrauding any particular person or persons, or the public, or persons generally, shall be deemed guilty of a felony, and on conviction thereof shall be punished by imprisonment in the state prison or in a county jail not exceeding two years, or by fine not exceeding five thousand dollars, or by both.

"Section 2. All acts and parts of acts in conflict with this act are hereby repealed."

It is claimed that the statute is void in that the subject thereof is not sufficiently indicated in the title (Const., sec. 24, art. IV) in that the body of the act is wholly penal in its provisions, which it is urged are not germane to the subject of protecting stockholders and persons dealing with corporations.

If the statute is invalid for the reason assigned, the information drawn under the same states no offense, and the court should have granted the motion in arrest of judgment.

We do not think that the statute is invalid for the reason suggested or for any other.

The objection made to the title of the act is really directed to the title of the original act of 1878 [Stats. 1877–78, p. 695]. When this act was enacted the provision of our then constitution relating to the title of acts of the legislature was held to be directory only. In other words, whether or not the act of 1878, if enacted now, would be invalid because of insufficiency of its title to express the subject, it was valid when adopted, and remained a valid law until amended in 1905. The title of the amendatory act of 1905 recites the title of the act of which it is amendatory, and re-enacts the act as amended in full. This is a sufficient compliance with

the constitution, both as to the title of the amendatory act and as to the manner of amending the original act.

In *People* v. *Parvin*, 74 Cal. 549, [16 Pac. 490], the validity of an act entitled, "An act to amend section 3481 of the Political Code," was attacked for the reason that the title of the act did not indicate the subject thereof. It was there held that in the case of an amendment to a valid law it was not necessary to more fully state the subject of the amendatory act than it is stated in the valid statute amended. The court in this regard said: "If it be said that the title of the amendatory act of April 15, 1880, does not express the subject, the reply is that the constitution does not require, in case of an amendment, that the subject shall be any more fully stated than it is stated in the *valid statute* amended."

This case upon this point has been cited and approved in *Francais* v. *Somps*, 92 Cal. 505, [28 Pac. 592]; *Beach* v. *Von Detten*, 139 Cal. 462, [73 Pac. 187]; *People* v. *Oates*, 142 Cal. 12, [75 Pac. 337]. It is decisive of the point raised as to the validity of the act now in question.

Furthermore, we think that an act that provides for the punishment as a crime of enumerated acts that may result in deceiving to their injury stockholders and others dealing with the corporation, comes within the general scope of the title, "An act to protect stockholders and persons dealing with corporations in this state."

In this respect the sufficiency of the title is fully supported by the case of *Gieseke* v. *County of San Joaquin*, 109 Cal. 489, [42 Pac. 446]; see, also, *Ex parte Kohler*, 74 Cal. 38, [15 Pac. 436].

The act is not invalid for any defect in its title and the court did not err in denying appellant's motion in arrest of judgment.

We now come to the consideration of alleged errors claimed to have been committed by the court during the trial.

The defendant was charged with having, on or about November 4, 1910, as secretary and manager of the Haiwee Pacific Oil Company, a corporation, with the intention of defrauding the public and persons generally, willfully subscribed, indorsed, verified and assented to the publication of a certain untrue and willfully exaggerated report, prospectus, account

and statement of the operations, values, business, profits, expenditures and prospects of said Haiwee Pacific Oil Company.

The prospectus is set forth in full in the information, and, among · other things, it contains the following statements: ''Five years ago we acquired 2,560 acres of land in Owens Valley, Inyo county, California. We have since added to our holdings until we now own 6,080 acres located about ten miles south of Owens Lake.''

''This land is made up of more certain indications of oil than any other field in California, comprising geological formations such as shale, gypsum, conglomerate formations, chalk, lime, magnesia, sulphur, fossils and dark green oil sand.''

''We struck oil in well No. 1 at a depth of 1,503 feet.''

By apt and appropriate language the statements above set forth are alleged to be false and untrue.

No point is made that the verdict is not supported by the evidence. Appellant relies for a reversal upon alleged errors committed during the trial.

The court, over the objection of defendant, allowed the entire prospectus to be introduced in evidence, and this action of the court is claimed by defendant to be error. We do not think so. In accordance with the statute it was charged that the false prospectus was published with intent to defraud the public and persons generally. The prospectus is set forth in full in the information, and covers eleven pages of the record, and contains many statements that are not alleged to be false. But in its intent it was well calculated to induce persons who might read it to purchase stock in the company. In attractive form it presented to the reader the advantages and large profits to be realized by investors in the stock of such a company as this was represented to be. The entire prospectus was an appeal to the public to purchase stock in this company. It was thus clearly evidence which, taken in connection with evidence of the falsity of the matters contained therein alleged to be untrue, tended to show that the false portions thereof were published with intent to defraud the public and persons who might be induced thereby to invest in the stock of the company.

Complaint is made of the action of the court in permitting the prosecution to introduce in evidence certain applications

made by two witnesses to purchase from the state portions of the land described in the prospectus as belonging to said company, and in connection therewith affidavits made by defendant to the effect that the lands described in the applications were principally adapted to grazing purposes. These affidavits were made by defendant prior to the publication of the prospectus, and tended to prove knowledge on the part of defendant that the statement in the prospectus as to the indications of the land containing oil was not true. It was stated in the prospectus that "This land is made up of more certain indications of oil than any other field in California." It is improbable that this could be true if the land was principally adapted to grazing purposes.

The rule laid down in *Miller* v. *Chrisman,* 140 Cal. 446, [98 Am. St. Rep. 63, 73 Pac. 1083, 74 Pac. 444], to the effect that title to land located as oil land is not perfected until discovery of oil in paying quantities is actually made, does not affect the question as to the evidential character of the affidavits in question. The statement in the affidavits that the land was principally adapted to grazing purposes was either false or true. If true, it tended to contradict a vital statement published by defendant in the prospectus.

The affidavits being admissible in evidence, we think it follows that the applications in support of which they were made were also admissible. The applications were part of the *res gestae* of the making of the affidavits. They gave character to the affidavits, and showed that they were not idle and vain things, but were made deliberately in support of a claim of legal right. The applications showed that the matters stated by defendant in the affidavits were not founded upon an extrajudicial oath, but were statements of material matters made upon an oath authorized and required by law.

It cannot be doubted that any statement made by defendant contradictory of the statement made by him in the prospectus would be admissible as evidence against him upon this charge. If, perchance, such statement had been made under oath in a judicial proceeding, such fact would likewise be admissible in evidence. The same principle is applicable to the affidavits and applications to purchase land. The court therefore did not err in admitting the evidence in question.

It is next urged that the court, over the objection of defendant, compelled him to answer questions upon cross-examination concerning matters about which he had not been examined in chief, and that he was thus compelled to be a witness against himself, in violation of section 13 of article I of the constitution.

In this connection we have been favored by very able arguments by counsel for both appellant and respondent as to the meaning and effect of the recently adopted amendment to the constitution designated as section 4½ of article VI, [Stats. 1911, p. 1798], and which is as follows:

"No judgment shall be set aside or new trial granted in any criminal case on the ground of misdirection of the jury, or the improper admission or rejection of evidence, or for error as to any matter of pleading or procedure, unless, after an examination of the entire cause, including the evidence, the court shall be of the opinion that the error complained of has resulted in a miscarriage of justice."

That amendment certainly requires at least that it appear to the court affirmatively that defendant has been injured in a substantial manner by the error complained of. Under the amendment to the constitution in question no presumption of injury can arise from the mere fact of error. Substantial injury as well as the error must be made affirmatively to appear. The amendment certainly goes this far.

And construing it as requiring an affirmative showing both of error and substantial injury resulting therefrom, we do not think the matters complained of as to the rulings on cross-examination would justify a reversal of the judgment or order denying the motion for a new trial.

It was stated in the prospectus that the Haiwee Pacific Oil Company owned 6,080 acres of land located about ten miles south of Owens Lake.

It was admitted that the title to all this land remained in the United States government.

In order to justify the statement in the prospectus that the company owned 6,080 acres of said land, the defendant upon direct examination gave evidence of the making of various locations under the mineral land laws of the United States. Some of these locations were made in 1907 and some in 1909, but all had been made more than one year prior to the pub-

18 Cal. App.—5

lication of the prospectus. Defendant also gave testimony as to the doing of certain development work, consisting of the sinking of wells 1 and 2 upon two certain locations. The various locators had conveyed whatever rights they had acquired under the locations testified to by defendant to the said company.

Upon cross-examination, over proper objections of defendant, he was compelled to testify that in 1905 he and some associates had made locations upon some of the same land located in 1909. He had not been questioned in chief as to any such locations, and the questions in relation thereto were probably not proper cross-examination. But the matter as to these prior locations was pursued no further than to show the fact that he had made such locations. This was but a bit of isolated, fragmentary evidence that could not have had any effect upon the case. Unless these prior locations had been followed by development work within the year, all rights thereunder failed at the expiration of the first year. (*Miller* v. *Chrisman*, 140 Cal. 440, [98 Am. St. Rep. 63, 73 Pac. 1083, 74 Pac. 444].) No evidence of any such work was given, and the claims were therefore open to subsequent location. (*Miller* v. *Chrisman*, 140 Cal. 440, [98 Am. St. Rep. 63, 73 Pac. 1083, 74 Pac. 444].) The evidence as to the prior locations was in no way discreditable to defendant, and was as to such an utterly immaterial and harmless matter that defendant could not have been injured thereby.

The only development work testified to in chief by defendant was as to the sinking of the two wells. Upon cross-examination he was asked if any other development work had been done, and upon objection being made and overruled, he testified that some other development work had been done upon some of the locations consisting of the sinking or digging of pits in the earth.

It is impossible for us to see how defendant could have been injured by this evidence. It was important for defendant to show the doing of as much work upon the various claims as possible. Any given piece of work can protect no more than one claim, which cannot in any case exceed 160 acres. (*Miller* v. *Chrisman*, 140 Cal. 440, [98 Am. St. Rep. 63, 73 Pac. 1083, 74 Pac. 444].) The evidence as to the sinking of the two wells tended to show some justification for a claim of owner-

ship in not more than two claims of 160 acres each. The evidence brought out by the challenged cross-examination, as to the doing of other work, was favorable to defendant, for it showed some additional effort on the part of the company to perfect its claim to the land. This was important in view of the admission that title to all the land was in the United States. It is urged that the effect of the evidence as to the doing of this additional work was to show the limit of such work, which was wholly inadequate to protect the claim of the company to any considerable portion of the land referred to in the prospectus. In answer to this it must be said, we think, that in the absence of evidence of this additional work it would have been inevitably assumed from the evidence then before the court that the only work done in protection of the various locations was that relating to the sinking of the two wells.

It is clear, we think, that defendant could not have been injured by the evidence which he gave over objection as to the additional work.

Over the objection of defendant he was compelled to testify that he made a certain affidavit, about which he had not been examined in chief. But this affidavit had already been introduced in evidence, and it had been shown beyond controversy that it had been made by defendant. It was one of the affidavits in which he made oath that the land therein referred to was principally adapted to grazing purposes. It is impossible to see what additional force or effect could be given to the affidavit by defendant's statement that he made it, which was a fact already established beyond controversy. The defendant was therefore not injured by the ruling of the court in overruling his objection to the question.

Defendant also complains of the action of the court in overruling his objection to the introduction as part of his cross-examination of a letter signed by one Youle. We think the introduction of this letter and the question asked in relation thereto were proper cross-examination.

Defendant had testified that a certain letter, written and signed by said Youle, had been given him by Youle. It was introduced in evidence. Youle had knowledge and some experience as to oil lands, and this letter was commendatory of the oil prospects on the lands referred to in the prospectus.

The cross-examination developed that immediately after signing said letter Youle stated to defendant that he wished to make some corrections therein, and at once dictated to defendant such letter as corrected. Defendant took it down in typewriting and Youle at once signed it. It was thus a part of the *res gestae* of the original letter, and was intended as a substitute therefor. Both letters were commendatory of the lands as probably oil-bearing, and were substantially to the same effect. The difference in their contents is quite insignificant. The court did not err in its ruling admitting in evidence the letter as thus corrected.

This disposes of all the points made as to the cross-examination of defendant.

Complaint is also made that the district attorney was guilty of misconduct. It is sufficient upon this point to say that we have examined the matters called to our attention in this connection, but find nothing that would justify a new trial or that merits any detailed discussion of the point.

Complaint is also made that the court refused to give an instruction requested by defendant as to the presumption of innocence that attends a person on trial for crime. We think, however, the subject was sufficiently covered in instructions that were given by the court.

The defendant requested an instruction as to the purpose for which certain affidavits in evidence, and made by defendant, might be considered. These affidavits contained the statement that the lands referred to therein were principally adapted for grazing purposes. The court gave the instruction as requested, save that it struck out the concluding sentence thereof, which was as follows: "If the defendant did in fact believe that there was oil and oil formations in said land, but there had been no mineral discovery actually made thereon, he, notwithstanding such belief, had a legal right to make an affidavit that such land was principally adapted to grazing purposes, yet under such circumstances he would have a legal right to subscribe, verify and publish a prospectus containing the statement that such lands contained oil and formations indicating oil."

We do not think that the court erred in striking out the above sentence. This instruction makes the right to make the statement of fact as to the purpose for which the land

was principally adapted depend upon whether or not any mineral discovery had been actually made thereon. The right to make the particular statement depended upon whether or not it was true or defendant in good faith believed it to be true. The concluding portion of the sentence is misleading and confusing, as indicating that the prosecution was in part at least founded upon a statement in the prospectus simply to the effect that the lands contained oil and formations indicating oil. The statement complained of went much further than this. It was that "this land is made up of more certain indications of oil than any other field in California." The portion of the requested instruction stricken out was argumentative, and trenched upon the right of the jury to determine all questions of fact.

The court did not err in refusing the rejected portion of the instruction.

We have considered and disposed of all points urged for a reversal.

The judgment and order are affirmed.

Kerrigan, J., and Lennon, P. J., concurred.

A petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on March 22, 1912, and the following opinion then rendered thereon:

THE COURT.—The petition for rehearing is denied.

We do not think the case, as stated in the opinion of the district court of appeal, required any discussion or statement of the effect of the recently adopted section 4½ of article VI of the constitution. The errors complained of, as stated by that court in its opinion, were not of a character to work substantial injury, and they would not have required a reversal under section 1258 of the Penal Code nor under the rules of this court established long prior to the adoption of said section of the constitution. We express no opinion as to that part of the opinion referring to said amendment.