[Crim. No. 1473. First Appellate District, Division One.—August 25, 1928.]

THE PEOPLE, Respondent, v. IVAN REVENKO, etc., Appellant.

Harry S. Whitthorne and Twain Michelsen for Appellant.

U. S. Webb, Attorney-General, and Emery F. Mitchell, Deputy Attorney-General, for Respondent.

KNIGHT, J.—Appellant was charged with the crime of rape alleged to have been committed upon a girl twelve years of age, and upon trial was found guilty. Pursuant to the authority granted under section 264 of the Penal Code the jury recommended that he be punished by imprisonment in the state prison, and he was sentenced accordingly. The appeal is taken from the judgment of conviction and the order denying his motion for a new trial.

No briefs have been filed by either party to the appeal and only one point was urged by appellant as ground for re-

versal at the time the appeal was argued orally before this court. It was to the effect that an irregularity occurred after the jury had retired to the jury-room to deliberate upon its verdict, which amounted to a violation of section 1128 of the Penal Code. The point was raised by an affidavit made by appellant's counsel and presented to the trial court at the time the motion for new trial was heard, in which it was averred in substance that he was advised by several members of the jury that while the jury was deliberating upon its verdict, and about the hour of 10:45 o'clock P. M., the bailiff of the court, who had been sworn to take charge of the jury, entered the jury-room, after knocking at the door, and informed the jury of the hour and that if it was unable to agree upon a verdict within fifteen minutes the judge would order the jury locked up for the night.

Said section 1128 of the Penal Code provides in part that if the jury does not agree upon a verdict before retiring from the courtroom to deliberate "an officer must be sworn to keep them together in some private and convenient place and not to permit anyone to speak to or communicate with them, nor to do so himself, unless by order of the court, or to ask them whether they have agreed upon a verdict . . . "; and appellant concedes that if the bailiff, in thus communicating with the jury, acted under instructions from the court there was no irregularity in the proceeding. But basing his contention upon the assumption that the action of the bailiff was not authorized by the court, he argues that the proceeding constituted a violation of the provisions of said code section and therefore entitled him to a new trial, citing *People* v. *Brannigan*, 21 Cal. 337.

We find no merit in the point for the following reasons: ■ It is a well-settled rule on appeal in criminal cases that as to matters not required by law to be entered upon the minutes, it will be presumed in the absence of anything in the record to the contrary that the law has been complied with. (*People* v. *Russell*, 156 Cal. 450 [105 Pac. 416]; 8 Cal. Jur. 570.) In other words, error will not be presumed, it being incumbent upon the appellant to produce a record affirmatively showing the same (8 Cal. Jur. 569). ■ There is no legal requirement that the directions which the court

may give to the bailiff after the retirement of the jury as to its custody and care shall be made a matter of record, because such directions are usually given when court is not in session. ■ Therefore, if appellant desired to avail himself of the point now urged it was incumbent upon him to make some affirmative showing of record at the time the motion for new trial was heard to establish the fact that the action of the bailiff herein complained of was unauthorized by the court. This he has failed to do because neither in the affidavit of his counsel nor elsewhere in the record is it indicated that the communication in question was not made under the court's direction. We must presume, therefore, that it was.

■ Moreover, before a judgment of conviction may be reversed for an irregularity, it must affirmatively appear that the substantial rights of the defendant have been prejudicially affected thereby (Pen. Code, sec. 1404; *People* v. *Watts*, 198 Cal. 776 [247 Pac. 884] ; 8 Cal. Jur. 599) ; and the burden of showing such prejudicial tendency is also upon the defendant. ■ In the present case appellant does not claim nor is there anything in the record before us from which the fair inference could be drawn that the communication complained of influenced the jury in the slightest degree in its deliberations or that by reason of the communication its verdict did not truly represent its unanimous conclusion, fairly and honestly arrived at. It would seem, therefore, that whatever irregularity there may have been in the proceeding, it did not operate to appellant's injury.

The case of *People* v. *Brannigan, supra,* cited and relied upon by appellant, is essentially different in its facts from the present one, the reversal there being placed upon the ground that the officer who had been sworn to keep the jury together, in violation of his oath, allowed the members thereof to separate; and, furthermore, that case was decided in the year 1863, at which time it was the law of this state that substantial error being shown was presumed to be injurious unless the contrary was made to appear, and no such contrary showing was made; whereas in the present state of the law, before a reversal may be ordered, substantial injury as well as error must be made affirmatively to appear (*People* v. *Merritt*, 18 Cal. App. 58 [122 Pac. 839, 844]).

Owing to the nature of the crime involved, and the penalties fixed by law as a punishment for its commission, we have examined the evidence, notwithstanding its sufficiency has not been challenged, and find it to be legally sufficient to sustain the conviction.

The judgment and order appealed from are therefore affirmed.

Tyler, P. J., and Campbell, J., *pro tem.*, concurred.