[Crim. No. 832.    In Bank. — March 14, 1901.]

## THE PEOPLE, Respondent, v. CORDELIA BOTKIN, Appellant.

CRIMINAL LAW — HOMICIDE — INSTRUCTIONS — CHARGE UPON MATTER OF FACT — REVIEW OF JUDGMENT. — A charge to the jury as to matter of fact in the respects held unsound in *People* v. *Verenesenечkockockhoff*, 129 Cal. 497, is ground for reversal of a judgment of conviction of murder.

ID. — SENDING POISONED CANDY BY MAIL — DEATH IN ANOTHER STATE — CONSTRUCTION OF CODE — JURISDICTION OF OFFENSE. — Under subdivision 1 of section 27 of the Penal Code, which provides that "all persons who commit, in whole or in part, any crime within this state," are "liable to punishment under the laws of this state," one who has sent poisoned candy by mail in this state, with intent to take the life of a person residing in another state, who died there, from the effects of the poison so sent, is guilty of murder committed in part in this state, and is punishable under the laws of the state, exactly in the same way, in the same courts, and under the same procedure, as if the crime was committed entirely within the state.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco and from orders denying a new trial and denying a motion in arrest of judgment.    Carroll Cook, Judge.

The facts are stated in the opinion of the court.

George A. Knight, Knight & Heggerty, Frank McGowan, and C. M. Wheeler, for Appellant.

Tirey L. Ford, Attorney-General, and Henry A. Melvin, for Respondent.

GAROUTTE, J. — Defendant has been convicted of the crime of murder, and prosecutes this appeal. The charge of the court given to the jury upon the law contained declarations which were held to be unsound in *People* v. *Vereneseneck-ockockhoff*, 129 Cal. 497. In view of the decision in that case, the attorney-general concedes that the judgment should be reversed and the cause remanded to the trial court for further proceedings. But defendant claims that she is not triable at all by the courts of this state, and this contention should now be passed upon. For if maintainable, a second trial becomes a useless expenditure of money, time, and labor, and necessarily should not be had.

For the purposes of testing the claim of lack of jurisdiction in the courts of California to try defendant, the facts of this case may be deemed as follows: Defendant, in the city and county of San Francisco, state of California, sent by the United States mail to Elizabeth Dunning, of Dover, Delaware, a box of poisoned candy, with intent that said Elizabeth Dunning should eat of the candy and her death be caused thereby. The candy was received by the party to whom addressed, she partook thereof, and her death was the result. Upon these facts may the defendant be charged and tried for the crime of murder in the courts of the state of California? We do not find it necessary to declare what the true rule may be at common law upon this state of facts, for, in our opinion, the statute of this state is broad enough to cover a case of the kind here disclosed. There can be no question but that the legislature of this state had the power to declare that the acts here pictured constitute the crime of murder in this state, and we now hold that the legislative body has made that declaration.

Section 27 of the Penal Code reads as follows: —

"The following persons are liable to punishment under the laws of this state: —

"1. All persons who commit, in whole or in part, any crime within this state;

"2. All who commit larceny or robbery out of this state, and bring to, or are found with the property stolen, in this state;

"3. All who, being out of this state, cause or aid, advise or encourage, another person to commit a crime within this state, and are afterwards found therein."

Subdivision 1 covers the facts of this case. The acts of defendant constituted murder, and a part of those acts were done by her in this state. Preparing and sending the poisoned candy to Elizabeth Dunning, coupled with a murderous intent, constituted an attempt to commit murder, and defendant could have been prosecuted in this state for that crime, if, for any reason, the candy had failed to fulfill its deadly mission. That being so,—those acts being sufficient, standing alone, to constitute a crime, and those acts resulting in the death of the person sought to be killed,—nothing is plainer than that the crime of murder was in part committed within this state. The murder being committed *in part* in this state, the section of the law quoted declares that persons committing murder under those circumstances "are liable to punishment under the laws of this state." The language quoted can have but one meaning, and that is: a person committing a murder in part in this state is punishable under the laws of this state, the same as though the murder was wholly committed in this state.

Counsel for defendant insist that this section contemplates only offenses committed by persons who, at the time, are without the state. This construction is not sound. For as to subdivision 1, it is not at all plain that a person without the state could commit, in whole, a crime within the state. Again, if the crime in whole is committed within the state by a person without the state, such a person could not be punished under the laws of this state, for the state has not possession of his body, and there appears to be no law by which it may secure that possession. Indeed, all of the subdivisions of the section necessarily contemplate a case where the person is, or comes, within the state. If the framers of the section had intended by subdivision 1 to cover the case of persons only who were without the state when the acts were committed which constitute the crime, they would have inserted in the section the contingency found in the remaining subdivisions, which subdivisions contemplate a return to the state of the person committing the crime. It is plain that the section, by its various provisions, was intended to embrace *all persons* punishable under the laws of the state of California. The defendant, having committed a murder in part in the state of California, is punishable under the laws of the state, exactly in the same way, in the same courts, and under the same procedure, as if the crime was committed entirely within the state.

For the foregoing reasons the judgment and orders are reversed and the cause remanded.

McFarland, J., Van Dyke, J., Henshaw, J., Beatty, C. J., and Temple, J., concurred.