[Crim. No. 598. Second Appellate District.—June 4, 1918.]

## THE PEOPLE, Respondent, v. H. B. SANSOM, Appellant.

CRIMINAL LAW — MAILING OF FORGED CHECK — COLLECTION IN ANOTHER STATE—CRIME PARTLY COMMITTED IN THIS STATE.—Under section 27 of the Penal Code, which provides that all persons who commit, in whole or in part, any crime within this state, are liable to punishment under the laws of this state, a person who mailed a forged check in a foreign country to a bank in this state with instructions to such bank to mail the check for collection to a bank in another state is guilty of a crime committed in part within this state, and is liable to punishment therefor.

APPEAL from a judgment of the Superior Court of Los Angeles County, and from an order denying a new trial. Paul J. McCormick, Judge.

The facts are stated in the opinion of the court.

Guy Eddie, and Chas. R. Morfoot, for Appellant.

U. S. Webb, Attorney-General, Joseph L. Lewinsohn, Deputy Attorney-General, and Jerry H. Powell, for Respondent.

CONREY, P. J.—Forgery. The defendant appeals from the judgment, and from an order denying his motion for a new trial.

The information in this case charges that on or about the eighteenth day of October, 1917, at the county of Los Angeles, state of California, the defendant had in his possession a check in writing for the payment of money, and then and there, knowing the same to be a forged check, did willfully, etc., utter, publish, and pass the said check with the name of Alice G. Sowle falsely signed thereon as true and genuine, with the intent then and there and thereby to cheat and defraud the said Alice G. Sowle, the Bank of Bisbee, a corporation, and the Continental National Bank, a corporation.

At all times mentioned herein Alice G. Sowle had on deposit in the Bank of Bisbee the sum of $5,512.76. The check in question called for that sum and was made payable to the order of Continental National Bank. On the seventeenth day of September, 1917, the defendant, under the name of Herndon McNeil, opened an account in the Continental National Bank. On or about the eighteenth day of October, 1917, the Continental National Bank received by mail the check in question, together with a letter signed by the defendant under the name Herndon McNeil. That letter was dated Tia Juana, Mexico, October 16, 1917, and instructed the bank as follows: "I hand you a check of Alice G. Sowle for $5,512.76 payable to yourselves, which kindly collect and credit my account with the proceeds. Mail the receipt for the check and advice of payment to me at General Delivery, Los Angeles." The bank forwarded the check to the Bank of Bisbee, Arizona, and that bank refused payment on the ground that the check was forged. The evidence shows that in fact it was forged.

We will state defendant's principal ground of appeal in the words of his counsel, as follows: "It is the contention of the defendant that no crime was committed within the jurisdiction of the state of California, for the reason that as far as the proof shows the check was mailed from Tia Juana, Mexico, and if forged was presumptively forged there and sent to the bank in Los Angeles, with such instructions to the said bank as would require the said bank, as the agent of the defendant, to mail the check to Arizona for collection, so that there could be no uttering of the said check in California, and that the uttering did not take place until the check was presented to the Bank of Bisbee, in the state of Arizona, for payment. So that neither one of the elements necessary to constitute the offense as charged in the information against this defendant was consummated or carried out in California. Defendant raised the question of venue on a motion for an instructed verdict in the trial of this cause and by a motion in arrest of judgment and for a new trial. All of these motions were denied."

The bank did not keep the envelope in which it received the letter from the defendant, and there is no testimony stating what place of mailing was shown by postmark on the envelope.

Defendant contends that the court erred in instructing the jury that the mailing of the check by the bank at Los Angeles to Bisbee, Arizona, constituted an uttering of the check in California. The instruction is as follows: "If you believe the evidence of the prosecution, that under such evidence the Continental Bank was the agent of the defendant, and if you have a reasonable doubt whether or not such bank did any overt act toward passing or uttering the forged check if any you must give the defendant the benefit of that doubt if any. If, however, you believe beyond all reasonable doubt that the defendant, knowing the said check to be false, forged and counterfeited, mailed the same to said Continental Bank at Los Angeles, California, with the intent and design that said bank should pass and utter the same by causing it to be presented to the Bank of Bisbee, of Bisbee, Arizona, and if you further believe beyond all reasonable doubt that the said Continental Bank, upon receiving the said false, forged, and counterfeited check if any, did in Los Angeles County, state of California, place the same in the United States mails ad-

dressed to the Bank of Bisbee, at Bisbee, Arizona, with postage prepaid, and with the intent and for the purpose of causing the same to be presented to the said Bank of Bisbee, then you are instructed that you should find the defendant guilty, and that it is wholly immaterial whether anyone was defrauded or not, and is likewise immaterial where the defendant was when he caused said forged check to be placed in possession of the said Continental Bank, if he did so.''

Section 27 of the Penal Code of California provides that ''All persons who commit, in whole or in part, any crime within this state,'' are liable to punishment under the laws of this state. In *People* v. *Botkin,* 132 Cal. 232, [84 Am. St. Rep. 39, 64 Pac. 286], the case then before the supreme court was stated as follows: ''Defendant, in the city and county of San Francisco, state of California, sent by the United States mail to Elizabeth Dunning, of Dover, Delaware, a box of poisoned candy, with intent that said Elizabeth Dunning should eat of the candy and her death be caused thereby. The candy was received by the party to whom addressed, she partook thereof, and her death was the result. Upon these facts may the defendant be tried for the crime of murder in the courts of the state of California?'' The court then quoted section 27 of the Penal Code and stated its conclusion as follows: ''The acts of defendant constituted murder, and a part of those acts were done by her in this state. Preparing and sending the poisoned candy to Elizabeth Dunning, coupled with a murderous intent, constituted an attempt to commit murder, and defendant could have been prosecuted in this state for that crime, if, for any reason, the candy had failed to fulfill its deadly mission. That being so—those acts being sufficient, standing alone, to constitute a crime, and those acts resulting in the death of the person sought to be killed—nothing is plainer than that the crime of murder was in part committed within this state. The murder being committed *in part* in this state, the section of the law quoted declares that persons committing murder under those circumstances 'are liable to punishment under the laws of this state.' The language quoted can have but one meaning, and that is: a person committing a murder in part in this state is punishable under the laws of this state, the same as though the murder was wholly committed in this state.''

So here, when the defendant caused his agent to send, and it did send, the forged check to the Bank of Bisbee to be paid by that bank, and the check so sent was received by the Bank of Bisbee, then, if not before, he was guilty of forgery by an attempt to pass the check, knowing its true character, and with intent to defraud. (Pen. Code, sec. 470.) And if for some reason the check had failed to reach the Bank of Bisbee, defendant could have been convicted, under the information in this case, of an attempt to commit the offense. (Pen. Code, secs. 664, 1159; *People* v. *Oates*, 142 Cal. 12, [75 Pac. 337].) "That being so—those acts being sufficient, standing alone, to constitute a crime," and those acts resulting in the actual completion of the crime charged, "nothing is plainer than that the crime of" forgery "was in part committed within this state," and the defendant is liable to punishment as provided by section 27 of the Penal Code, because he did commit, in part, a crime within this state. We think that the instruction in question was a correct statement of the law.

The judgment and order are affirmed.

James, J., and Works, J., *pro tem.*, concurred.

A petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on August 1, 1918.